Memorandum. The order of the Appellate Division should be affirmed.
Plaintiff, an employee of an advertising agency, went to a farm leased to and operated by defendant Henneberry Road Farms, Inc., together with coemployees to take promotional photographs showing an Agway petroleum truck delivering fuel oil to a farm property, a milk delivery truck to be in the background. It was decided that the pictures should be taken from a vantage point in a tree. Plaintiff and a fellow employee went to a barn on the farm to obtain a ladder to be used in ascending the tree and, while removing the ladder from the barn, respondent fell through a hole or hatchway in the floor, sustaining serious injuries. Said defendant’s president and vice-president, owners of the farm fee and individual stockholders and patrons of Agway had agreed to co-operate with the picture-taking project.
*934 Under the evidence, questions of fact were presented as to whether or not the accident was such as to have been reasonably foreseen by the corporate defendant, under all the circumstances, and as to whether or not in light of that foreseeability, if any, said defendant exercised reasonable care under the circumstances (see Basso v Miller, 40 NY2d 233 [decided herewith]). The jury’s resolution of these issues in favor of plaintiff should not be disturbed.
Chief Judge Breitel (concurring). I concur in the result. For the reasons I have stated in my concurring opinions in Basso v Miller (40 NY2d 233), Barker v Parnossa, Inc. (39 NY2d 926), and Scurti v City of New York (40 NY2d 433), decided herewith, I cannot join in the wholesale abolition of the common-law rules governing the liability of a possessor of property to one who has sustained injuries on his property.
In the instant case, the jury could properly have found that Parish was an invitee and thus was entitled to a high duty of care. Parish was on the property as a photographer for the Agway Company, in which the property owners were stockholders and patrons. Since he was pursuing an activity arguably connected with the purpose for which he came onto the property, it was a question of fact whether Parish left the area of his invitation when he went into the barn to seek the ladder.
Accordingly, I concur in the result and vote to affirm the order of the Appellate Division, with costs.
Judges Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur; Chief Judge Breitel concurs in result in a separate opinion in which Judge Jasen concurs.
Order affirmed, with costs, in a memorandum.