Chief Judge Breitel.
Plaintiffs appeal in a negligence action to recover damages for personal injuries to the five-year-old infant plaintiff. They had been paying guests at a mountain resort, when the child ran into the side of a slowly moving pickup truck, as it traversed a private road dividing portions of the 130-acre resort. The trial court, after a jury trial limited to the issue of liability, found in favor of plaintiffs against the resort owner, but acquitted the owner and operator of the truck of any negligence. The Appellate Division, on the appeal of the resort owner, reversed, on the law and the facts. It dismissed the complaint, stating tersely that there was no liability because the child was, at the time of the accident, in the immediate supervision of her parents.
There should be a reversal and a new trial. The case was tried against the resort owner on the theory that it provided an unsafe arrangement for its paying guests in permitting the activities on that 1969 July Fourth day to separate or to encourage the separation of the adults and the children by a private road that was not closed to motor vehicles. This theory raised an issue of fact for a jury, and dismissal of the complaint on the law was not proper.
Infant plaintiff and her family, consisting of the father, mother, and the child’s two sisters, aged 13 and 7, arrived at the resort on July 3, 1969. The next day there were festivities associated with the holiday, a motion picture show at one of the motels at the resort complex and later, after dark, there *82 were to be fireworks. Across the road from the planned festivities was an existing layout of recreational facilities for children. The infant Christine, and many of the children, had been attracted to the play area, while their elders waited to watch the motion picture. The private road, a covered gravel-based road, was free of traffic, and the children crossed and recrossed the dividing road. Just before the accident, the pickup truck, owned by the son of the principal in defendant corporation, and operated by his young sister, both of whom worked on the premises, was proceeding in low gear at about five miles per hour. Christine was runnning across the road either to return to or leave the play area. When the accident occurred, she, presumably, ran blindly into the side of the truck and was caught under the rear wheel.
Even if one were to apply the principles in tort law which prevailed before the recent cases enlarging on the duty owed by occupants of land to those upon their premises a case is made out sufficiently for submission to a jury. With the advent of the enlarged rule the result is even more obvious (Basso v Miller; 40 NY2d 233; Scurti v City of New York, 40 NY2d 433; Barker v Parnossa, Inc., 39 NY2d 926; Parish v Henneberry Road Farms, 39 NY2d 932). Since Christine and her family were paying guests, a very high level of duty owed by the occupants of land would, under even the prior law, be applicable (Haefeli v Woodrich Eng. Co., 255 NY 442, 448-449; Restatement, Torts 2d, §§ 341A, 343; Prosser, Torts [4th ed], pp 392-395; as to innkeepers, see Restatement, Torts 2d, § 314A; 27 NY Jur, Hotels, Restaurants and Motels, §§ 43-46, esp § 46).
It was foreseeable that entertainment and play facilities, designed to attract users in order to enhance the commercial profitability of the resort premises, might have the very effect created that July Fourth, namely, encouraging separation of the parents from their children. The benches for the motion picture were 40 or 50 feet from the road; the children’s play area was 10 feet from the road’s opposite edge. When the child was injured, the mother was seated on one of the benches. The father was seated in the family automobile about 150 feet from the play area. At the time of the accident, there were supposed to have been about 150 persons brought there by the attractions. These were innocent attractions, not nuisances (see Barker v Parnossa, Inc., 39 NY2d 926, supra). The road was the hazard that went disregarded.
*83 Given the generally rural mountain setting, the extensive 130-acre tract with its variety of buildings and facilities, including a lake, a park, a golf course, and a virtually traffic free private road through the premises, a jury could find that under the circumstances the resort owner would have had the obligation to close off or prevent any motor traffic on the road. The very infrequency of a vehicle passing on the road increased the peril for children, too young to be expected to exercise care, and made their parents unalert to any traffic. The accident occurred while no more than 20 minutes had passed since Christine had left her mother.
Hence, the case does not turn on the argument that the child was in the immediate supervision of her parents. The fact is, to the extent that it is relevant, she was not in the "immediate” supervision of her parents. The relaxation in the immediacy of the parents’ supervision was, a jury could find, due to the resort owner’s arrangements, arrangements made deliberately.
This is not to say that the road was never to be used for the purposes for which it had been constructed, or that it had to have been made perfectly safe for little children at all times. Circumstances are relevant. The accident occurred early in the summer season, on a particularly festive national holiday; significant entertainment had been arranged to attract the adults and the children; and the danger of lulling the guests into a false security was an arguably foreseeable risk. It was a special event and a jury could find as this one did, just as a jury could also have found that the resort was not negligent and that the accident was caused only by a failure of parental care, or that no one was negligent. Of course, the negligence of the parent is not imputable to the child (General Obligations Law, § 3-111).
That is all, really, that there is to the case.
Accordingly, the order of the Appellate Division should be reversed, with costs to abide the event, and a new trial ordered.
Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
Order reversed and a new trial granted, with costs to abide the event.