Memorandum. The order of the Appellate Division should be reversed and a new trial granted.
The defendant seeks to sustain the dismissal of the complaint on two grounds (1) the trespassing status of the infant, (2) the failure of the plaintiff to show the exact cause of the boy’s death.
*927 In light of today’s decision in Basso v Miller (40 NY2d 233), the fact that the infant entered the defendant’s property without consent is not conclusive. It is simply a factor to consider in determining the defendant’s liability for the boy’s death (see, also, Scurti v City of New York, 40 NY2d 433).
The plaintiff of course must still prove that the defendant’s conduct was the proximate cause of the injury. However, as noted by the Chief Judge in his concurring opinion, that does not mean that the plaintiff must prove the exact precipitating event of the boy’s death. There is no doubt that the death was the result of a fall from the silo and on all the facts of this particular case, the jury could find that by maintaining this useless silo without any safeguards, the defendant created an unreasonable and foreseeable risk of death or serious injury to trespassing children known to frequent the area. On this point we agree completely with the Chief Judge’s analysis.
Accordingly, the order of the Appellate Division should be reversed and a new trial granted.