*29 OPINION OF THE COURT
Chief Judge Cooke.
A school that negligently fails to secure dangerous chemicals from unsupervised access by children will not be relieved of liability when an injury occurs and it is reasonably foreseeable that the chemicals might be stolen by children.
During 1972, as part of a summer youth program sponsored by the Buffalo Board of Education, two 15-year-old students were hired to assist the custodial staff at Kensington High School. On July 11, while the adult employees were on their coffee break, the two, unsupervised student employees went to the school’s chemistry laboratory. Neither the laboratory nor its adjacent storeroom were locked. The employees took some magnesium powder and potassium nitrate from glass jars, placed the chemicals into plastic sandwich bags, and dropped the bags from a fourth story window into the bushes below. They intended to retrieve the chemicals after work that day.
The infant plaintiff, then eight years old, lived near the school and regularly played on its grounds. On the day of the accident, as he had done previously, the child walked along a trodden path behind the bushes where the chemicals had been dropped. He found the chemicals and, believing them to be sand, began playing with the chemicals and with matches he had earlier found. The chemicals exploded and the boy sustained second degree burns to his hands, arms and face.
Plaintiffs brought this negligence action and the jury found the board of education liable for the infant plaintiff’s injuries. This appeal presents issues concerning the scope of defendant’s duty to secure dangerous chemicals stored on school premises, whether defendant breached this duty, and, if so, whether defendant’s breach proximately caused plaintiff’s injury. This court now affirms.
A landowner has a duty to exercise reasonable care under the circumstances in maintaining its property in a safe condition (see Basso v Miller, 40 NY2d 233, 241). Defining the nature and scope of the duty and to whom the duty is owed requires consideration of the likelihood of *30 injury to another from a dangerous condition or instrumentality on the property; the severity of potential injuries; the burden on the landowner to avoid the risk; and the foreseeability of a potential plaintiff’s presence on the property (see id.; see, also, Danielenko v Kinney Rent-A-Car, 57 NY2d 198, 204-205; Akins v Glens Falls City School Dist., 53 NY2d 325, 329-330; Di Salvo v Armae, Inc., 41 NY2d 80, 82-83).
First deciding to whom a duty, if any, was owed, plaintiff’s presence on the school grounds could be found to be foreseeable. By their very nature, a school and its playgrounds attract children. In addition, Kensington High School is located in a residential neighborhood. It is true that the boy’s accident occurred when school was out of session, a factor germane to the issue of the foreseeability of his presence on the grounds. This, however, does not vitiate defendant’s duty to the infant plaintiff because there was proof that school authorities were aware that children played on the school property during the summer months.
Consideration now turns to what constituted reasonable care under the circumstances and whether defendant exercised that care. Defendant maintained on the school premises a store of dangerous chemicals for use in science classes. Defendant recognized that unsupervised access to these chemicals by children created a grave risk of harm to all present on the school grounds. The dangers inherent in many of the chemicals stored at the school included flammability and toxicity.
T^he superintendent of schools recognized the potential safety problem and promulgated regulations entitled “Safety in the Science Classroom and Laboratory”. The regulations unambiguously provided that “[pjupils are not allowed in science classrooms, laboratories, storerooms or preparation room when the teacher is not present. These rooms should be kept locked when not in use.” The regulations also stated that “[c]ombustible materials, e.g. red phosphorous and magnesium should be stored in a locked, fireproof cabinet.” Finally, a chemistry teacher who had been on the school’s faculty for 21 years testified that as a general practice, special security measures were necessary *31 for chemicals that “would be likely to cause trouble * * * if gotten in poor hands.”
The severity of potential injuries from the misuse of chemicals is manifest. Accounts of children being maimed, blinded, or killed by playing with dangerous substances are legion. This danger could be averted with great ease and at little cost merely by storing the chemicals in a locked, fireproof cabinet — a remedy recognized in defendant’s own regulations.
Thus, defendant purposely maintained a store of chemicals, some of which were inherently dangerous, and recognized that, in the environs of a school, a serious hazard would arise if deliberate safeguards were not in place. Reasonable care under the circumstances required the securing of the dangerous chemicals in such a way that their unsupervised access could not be readily obtained by children (cf. Kingsland v Erie County Agric. Soc., 298 NY 409, 426). In light of the foreseeability of the risk and potential severity of harm to others engendered by a breach of this duty and the ease with which this duty could be satisfied, the jury acted rationally in finding that defendant failed to exercise reasonable care under the circumstances by failing to secure the dangerous chemicals from unsupervised access by school children.
Defendant’s breach of duty was comprised of two elements. First, defendant failed to adequately supervise its two student employees.[1] The director of the summer employment program testified that “the key word is supervision” in the operation of the program. One of the program’s co-ordinators admitted that he had expected the two student employees to be under complete supervision at all times. Nevertheless, the adults charged with overseeing the students left them alone for 30 minutes each day when *32 they went to the school’s basement for their coffee break. The students were told to stand by until the ádults returned. It was during one of these periods that the students took the chemicals that eventually caused plaintiff’s injuries.
Defendant’s argument that it should be liable only for the acts of its employees done in the scope of their employment and that here the students acted outside the scope of their employment is inapposite. Defendant’s duty in this case is not predicated on its status as an employer. Rather, the control and supervision of school-aged children present within the building, whether as students or employees, is an essential part of defendant’s duty to secure dangerous chemicals from the children’s access.[2]
The second element of defendant’s negligence was its failure to adequately secure the dangerous chemicals. There was testimony that, on the day of the accident, the door leading from the corridor to the laboratory was unlocked. The door connecting the laboratory and the storeroom could not be locked because the custodial staff had no key. Finally, in direct contravention of one of its safety regulations, defendant failed to maintain a locked, fireproof cabinet for storage of the chemicals. As a consequence of defendant’s acts, children were left unsupervised in a building with unsecured dangerous chemicals, a situation defendant had expressly recognized would create a grave safety risk.
There remains the issue whether defendant’s breach proximately caused plaintiff’s injury. To establish a prima facie case, plaintiff must show that “defendant’s negligence was a substantial cause of the events which produced the *33 injury” (Derdiarian v Felix Contr. Co., 51 NY2d 308, 315). An interruption of the nexus between defendant’s negligence and plaintiff’s injury by the act of a third party may affect defendant’s liability. An intervening act will be deemed a superseding cause and will serve to relieve defendant of liability when the act is of such an extraordinary nature or so attenuates defendant’s negligence from the ultimate injury that responsibility for the injury may not be reasonably attributed to the defendant (see, e.g., Martinez v Lazaroff, 48 NY2d 819; Kingsland v Erie County Agric. Soc., 298 NY 409, supra; Perry v Rochester Lime Co., 219 NY 60; Hallenbeck v Lone Star Cement Corp., 273 App Div 327, affd no opn 299 NY 777). When, however, the intervening act is a natural and foreseeable consequence of a circumstance created by defendant, liability will subsist (see Derdiarian v Felix Contr. Co., supra; Parvi v City of Kingston, 41 NY2d 553; Prosser, Torts [4th ed], § 44, pp 272-280).
Defendant argues that the student employees’ stealing of the chemicals was an intentional act aqd, hence, a superseding cause of plaintiff’s injury, relieving it of liability. Defendant is correct that an intervening intentional or criminal act will generally sever the liability of the original tort-feasor (see Perry v Rochester Lime Co., supra; Prosser, Torts [4th ed], § 44, p 287), but, on the facts here, it may not rely on this doctrine.
That doctrine has no application when the intentional or criminal intervention of a third party or parties is reasonably foreseeable (see Nallan v Helmsley-Spear, Inc., 50 NY2d 507; Restatement, Torts 2d, §§448, 449). Defendant’s duty was to take reasonable steps to secure the dangerous chemicals from unsupervised access by children. By its very definition, any breach of this duty that leads to injury will involve an intentional, unauthorized taking of chemicals by a child. When the intervening, intentional act of another is itself the foreseeable harm that shapes the duty imposed, the defendant who fails to guard against such conduct will not be relieved of liability when that act occurs.
In this case, the Trial Judge charged the jury that it must consider whether the theft of the chemicals by the *34 student workers was foreseeable and that if it found that “a reasonably prudent person would not have foreseen the act of the third person as a probable consequence of defendant’s negligence, then the defendant is not responsible for plaintiff’s injuries and your verdict must be for the defendant.” The verdict for plaintiff carried the implicit finding that such third-party intervention was reasonably to have been foreseen, and there is sufficient evidence in the record to sustain this finding.
Accordingly, the order of the Appellate Division should be affirmed, with costs.
Judges Jasen, Jones, Wachtler, Fuchsberg, Meyer and Simons concur.
Order affirmed, with costs.

. The court instructed the jury that it was up to them to “determine whether there was reasonable supervision of these young boys under the conditions and circumstances of their employment.” On this appeal, defendant argues that this charge was erroneous as “too vague and incomplete to enable the jury to consider the issue intelligently.” Inasmuch as defendant neither requested an alternative charge nor made an objection to this charge, the point has not been preserved for this court’s review (see Rupert v Sellers, 50 NY2d 881).

. Also to be distinguished in this regard are the holdings of Hoose v Drumm (281 NY 54) and Kosok v Young Men’s Christian Assn. of Greater N. Y. (24 AD2d 113, affd no opn 19 NY2d 935). In each of these cases defendants had a duty to supervise children left in their charge. In Hoose, a child when at play at school was blinded by a goldenrod stalk. In Kosok, a child at a summer camp was injured by a bucket dropped as a prank by another child. In both cases, plaintiffs charged negligent supervision and, in both cases, defendants were found not liable. The common characteristic of these cases that distinguishes them from the case at bar is that the duty of supervision was a general one and had no relation to any dangerous condition on property that could foreseeably cause harm.