■ ADELINE ASCHER et al., Respondents, v F. GARAFOLO

ELECTRIC Co., INC., Appellant, et al., Defendant.—In an action to recover damages for personal injuries, etc., the defendant F. Garafolo Electric Co., Inc. (Garafolo) appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Vaccaro, J.), dated September 1, 1983, as denied Garafolo's cross motion for summary judgment dismissing the complaint insofar as it is asserted against it and the defendant New York City Transit Authority's cross claim against it.

Order reversed, insofar as appealed from, on the law, without costs or disbursements, defendant Garafolo's cross motion for summary judgment granted and complaint, insofar as it is asserted against it, and cross claim against it dismissed.

On November 20, 1981, at approximately 6:45 P.M., Adeline Ascher, having exited from the "D" train at the Neck Avenue subway station, was walking along the subway platform. As she was walking, she noticed two boys standing between the cars of the train. Suddenly, one of them "reached out" and grabbed the strap of her bag, thereby causing her to be thrown to the platform.

Adeline Ascher and her husband Bert Ascher, the plaintiffs, commenced this action to recover damages for personal injuries and loss of services allegedly arising from the aforementioned assault at the Neck Avenue subway station. Named as defendants were Garafolo and the New York City Transit Authority (Authority).

In their amended complaint and verified bill of particulars, the plaintiffs alleged, *inter alia,* that Garafolo and the Authority entered into a contract in which Garafolo agreed "to design, install, maintain and repair the lighting fixtures" at the Neck Avenue subway station, and that Garafolo was negligent, careless, and reckless in the design, installation, maintenance and repair of the lighting fixtures thereby "caus-[ing] and permitt[ing] said subway platform and its surroundings to be unlit and dark causing a hazardous, dangerous trap and nuisance for the subway passengers and the public who are lawfully traversing said subway platform, including the plaintiff" Adeline Ascher. Allegedly, as a proximate result of Garafolo's negligence, carelessness and recklessness, Adeline Ascher sustained severe and permanent physical injuries, and Bert Ascher suffered the loss of her services and incurred substantial expenses on her behalf.

The Authority moved for summary judgment pursuant to CPLR 3212. Special Term granted the application, explaining that "[i]t has been held that the New York City Transit

Authority owes no duty to protect a person on its premises from assault by a third person, opposing facts *[sic]* establishing a special relationship between the Authority and the person assaulted", citing *Weiner v Metropolitan Transp. Auth.* (55 NY2d 175).

Garafolo cross-moved for summary judgment against both the plaintiffs and the Authority, which had cross-claimed against Garafolo. In support of the motion, Garafolo, *inter alia,* argued that because the only negligence alleged by the plaintiffs was Garafolo's failure to adequately illuminate the Neck Avenue subway station, and, further, because plaintiff Adeline Ascher had testified at her examination before trial that she was able to see her assailants both before and during the assault, "it is obvious that the lighting conditions had nothing whatsoever to do with the plaintiffs' accident". Garafolo concluded that it was entitled to summary judgment as a matter of law because its alleged acts or omissions could not be the proximate cause of Adeline Ascher's injuries.

The plaintiffs opposed the cross motion, stating in a conclusory fashion that "[t]here are numerous factual questions surrounding the cause and effect of the absence of any illumination on said subway platforms, its contribution to the occurrence underlying this lawsuit, and to the plaintiff(s) injuries". In her affidavit, Mrs. Ascher admitted that she "was able to see and observe the perpetrators who inflicted the injuries" on her. Nevertheless, she argued, also in conclusory fashion, that "had the platform been properly equipped with temporary lights, to provide illumination while the moving defendant was repairing the lighting fixtures, it is conceivable that the perpetrators would have been deterred from committing these acts at that time and place * * * Certainly there is a question of fact as to whether or not adequate lighting would have deterred the commission of this crime on the subway platform. The failure of [Garafolo] to comply with the terms of the contract on a timely and proper basis, and supply the lighting could certainly, reasonably be construed by the triers of fact to be a major contributing factor to the happening of the event which resulted in my severe injuries".

Special Term denied the cross motion and Garafolo has appealed *(see,* CPLR 5501).

In *Krupp v Aetna Life & Cas. Co.* (103 AD2d 252, 261-262, quoting from *Friends of Animals v Associated Fur Mfrs.,* 46 NY2d 1065, 1067-1068 and *Zuckerman v City of New York,* 49 NY2d 557, 562) this court recently said: "Summary judgment

is a drastic remedy and should not be granted where there is any doubt as to the existence of a material and triable issue of fact * * * issue-finding, as opposed to issue-determination constitutes the key to the procedure * * * Summarizing those principles applicable to motions for summary judgment, this State's Court of Appeals has written: 'To obtain summary judgment, it is necessary that the movant establish his cause of action or defense "sufficiently to warrant the court as a matter of law in directing judgment" in his favor (CPLR 3212, subd [b]), and he must do so by tender of evidentiary proof in admissible form. On the other hand, to defeat a motion for summary judgment the opposing party must "show facts sufficient to require a trial of any issue of fact" (CPLR 3212, subd [b]). Normally, if the opponent is to succeed in defeating a summary judgment motion he, too, must make his showing by producing evidentiary proof in admissible form' * * * '[M]ere conclusions, expressions of hope or unsubstantiated allegations or assertions are insufficient' ''. For the reasons that follow, we conclude that this is "one of those rare [negligence] cases" *(Andre v Pomeroy,* 35 NY2d 361, 365) in which summary judgment is warranted.

The Court of Appeals observed in *Derdiarian v Felix Contr. Corp.* (51 NY2d 308, 314-315) that: "[t]he concept of proximate cause, or more appropriately legal cause, has proven to be an elusive one, incapable of being precisely defined to cover all situations * * * This is, in part, because the concept stems from policy considerations that serve to place manageable limits upon liability that flows from negligent conduct * * * Depending upon the nature of the case, a variety of factors may be relevant in assessing legal cause. Given the unique nature of the inquiry in each case, it is for the finder of fact to determine legal cause, once the court has been satisfied that a prima facie case has been established * * * To carry the burden of proving a prima facie case, the plaintiff must generally show that the defendant's negligence was a substantial cause of the events which produced the injury * * * Plaintiff need not demonstrate, however, that the precise manner in which the accident happened, or the extent of the injuries, was foreseeable".

Based upon the record before us we conclude that the proof of proximate cause was insufficient as a matter of law. The plaintiffs' proof on this subject betrays its highly speculative and conclusory nature. As previously noted, after admitting that she was able to see her assailants, plaintiff Adeline Ascher opined that "had the platform been properly equipped

* * * *it is conceivable* that the perpetrators would have been deterred from committing these acts" (emphasis added). In our view, conceivability is too slim a reed, standing alone, to support the conclusion that Garafolo's alleged negligence proximately resulted in Mrs. Ascher's injuries. Indeed, if conceivability were all that is necessary to defeat a motion for summary judgment, we would be "obliged, on policy grounds, to ferret out speculative issues 'to get the case to the jury,' where the trial may disclose something the pretrial proceedings have not" *(Andre v Pomeroy, supra,* at p 364)—a proposition which the *Andre* court expressly rejected. There simply is no indication in the record that Garafolo's alleged negligence contributed to any degree to Mrs. Ascher's injuries and thus there is a failure to establish proximate causation.

Accordingly, Special Term's order, insofar as it denied Garafolo's cross motion for summary judgment, should be reversed and the cross motion granted. Mollen, P. J., Bracken, O'Connor and Niehoff, JJ., concur.