■ ROBERT W. O'BRITIS, an Infant, by His Mother and Natural Guardian, BARBARA O'BRITIS, et al., Appellants, v PENINSULA GOLF COURSE, Respondent, and CHRIS ELHOFF, an Infant, by His Mother and Natural Guardian, CLAUDIA EL-HOFF, et al., Appellants.—In a negligence action to recover

damages for personal injuries, etc., the plaintiffs and the individual defendants separately appeal from so much of an order of the Supreme Court, Nassau County (Roberto, J.), dated December 12, 1986, as granted the motion of the defendant P.G.C. Holding Corp., sued herein as Peninsula Golf Course (hereinafter Peninsula) for summary judgment dismissing the complaint insofar as it is asserted against it and the cross claims asserted against it.

Ordered that the order is affirmed, with one bill of costs payable by the plaintiffs-appellants and the defendants-appellants appearing separately and filing separate briefs.

The record reveals that the infant plaintiff Robert W. O'Britis while present on premises owned by Peninsula, sustained personal injuries when he was struck by a roofing shingle which allegedly had been hurled at him by 1 of the 2 individual infant defendants, Chris Elhoff or Keith Geyer. The boys had apparently gained access to Peninsula's property, without consent, through an unlocked gate and had been playing in the vicinity of, and on the roof of, a maintenance shed situated on the premises. The plaintiffs allege that this shed was in a state of disrepair. Shingles from the roof of the shed were lying on the ground, although there is some dispute as to whether they had simply fallen from the roof or had been torn off the structure by the boys. Peninsula subsequently sought summary judgment dismissing the complaint and cross claims insofar as they were asserted against it, reasoning, *inter alia,* that its purported failure to keep the shed in a proper state of repair, even if true, was not a proximate cause of the injury complained of, and that the intervening act of the throwing of the shingle by one of the individual infant defendants was a superseding cause which absolved Peninsula of any liability for the infant plaintiff's injury. The Supreme Court, Nassau County, granted Peninsula's motion. We now affirm.

The plaintiffs seek to impose liability upon Peninsula on the theory that it failed to keep the maintenance shed in a reasonably safe condition and failed to exclude or warn neighborhood children away from the property despite the fact that it was on notice that children frequented the golf course. Of course, as a landowner, Peninsula has the legal duty to exercise reasonable care under the circumstances in maintaining its property in a safe condition *(see, Kush v City of Buffalo,* 59 NY2d 26, 29; *Basso v Miller,* 40 NY2d 233). While the record contains evidence that Peninsula was aware of

prior intrusions upon its property by area youths, we conclude that the award of summary judgment herein was proper.

Assuming that Peninsula failed to properly maintain the shed and to take appropriate steps to exclude neighborhood children from its premises, the plaintiffs nevertheless have failed to raise a triable issue of fact regarding a causal connection between the alleged breach of such duty by Peninsula and the injury suffered by the infant plaintiff. It is firmly established that, "[t]o carry the burden of proving a prima facie case, the plaintiff must generally show that the defendant's negligence was a substantial cause of the events which produced the injury" *(Derdiarian v Felix Contr. Corp.,* 51 NY2d 308, 315, *rearg denied* 52 NY2d 784, 829). Furthermore, "[a]n intervening act will be deemed a superseding cause and will serve to relieve [the] defendant of liability when the act is of such an extraordinary nature or so attenuates [the] defendant's negligence from the ultimate injury that responsibility for the injury may not be reasonably attributed to the defendant" *(Kush v City of Buffalo,* 59 NY2d 26, 33, *supra).* We find that in the present case, the hurling of a roofing shingle at the infant plaintiff by one of the infant defendants constituted a superseding cause of the infant plaintiff's injury, for it so attenuated any alleged negligence of Peninsula from the ultimate injury that the imposition of liability upon the landowner would be unreasonable. Indeed, the purported failure to keep the shed in a proper state of repair can hardly be said to have constituted a causative factor in bringing about the injury sued upon, and the only true connections between Peninsula and the instant action consist of the fact that the injury occurred on Peninsula's premises and that the object used to inflict the injury fell off or was pulled from a shed owned by Peninsula.

Contrary to the plaintiffs' present contentions, this is not a case wherein the injury-producing act was "a normal or foreseeable consequence of the situation created by the defendant's negligence" *(Derdiarian v Felix Contr. Corp., supra,* at 315; *see, e.g., Barker v Parnossa, Inc.,* 39 NY2d 926), nor does it present a scenario where "the intervening, intentional act of another is itself the foreseeable harm that shapes the duty imposed" *(Kush v City of Buffalo, supra,* at 33). Rather, the record demonstrates that while Peninsula may have neglected its duty to maintain the shed, this alleged breach of duty bore no causal relationship to the infant plaintiff's injury and was in fact superseded by the independent, intervening act of one of the infant defendants *(see, e.g., Boltax v Joy Day Camp,* 67

NY2d 617; *Ascher v Garafolo Elec. Co.*, 113 AD2d 728, *affd* 67 NY2d 637; *Santiago v New York City Hous. Auth.*, 101 AD2d 735, *affd* 63 NY2d 761). To impose a duty upon Peninsula with regard to the act of one boy in hurling a roofing shingle from Peninsula's shed at the infant plaintiff would impermissibly extend a landowner's duty far beyond any previous judicial determination. For example, in *Barker v Parnossa, Inc. (supra)*, the plaintiffs' decedent fell from an abandoned, useless silo which clearly should have been safeguarded. More recently, in *Holtslander v Whalen & Sons* (70 NY2d 962), the church-landowner had notice that children were playing on and about a tent erected in its parking lot, and a question as to the church's liability for negligence arose where children playing atop the tent were injured when the tent tore open under their weight and they fell to the ground. In this case, the plaintiffs ask us to go beyond *Barker* and *Holtslander* so as to impose a duty to prevent the deliberate misuse of shingles which fell or were pulled from Peninsula's shed. Neither decisional precedent nor public policy considerations warrants such an extension of a landowner's duty of care.

Inasmuch as Peninsula also had no authority to control the conduct of the infant defendants on its premises either through special relationship or special circumstances *(see, Purdy v Public Adm'r of County of Westchester*, 72 NY2d 1), the plaintiffs have failed to make out a prima facie case with respect to Peninsula. Accordingly, the motion for summary judgment was properly granted. Thompson, J. P., Spatt, Sullivan and Harwood, JJ., concur.