■ PAROS, INC., et al., Appellants, v RICHARD G. VOGT, Respondent.—Order unanimously reversed on the law without costs and defendant's motion denied. Memorandum: Plaintiffs commenced this action for legal malpractice against the attorney who prepared the documents for the sale of plaintiffs' business. The sales contract contained a clause giving either party the option of canceling the contract if the buyer had not obtained a liquor license by a certain date. At the contract closing, at the buyer's insistence, the attorney handwrote an assignment of lease on the lease between plaintiffs and their landlord. Plaintiffs allege that their attorney did not explain to them the significance of the assignment. When the buyer failed to obtain a liquor license by the specified date, plaintiffs elected to cancel the contract. The assignment of lease was irrevocable and unconditional; thereafter, the buyer obtained an eviction order against plaintiffs in Town Court. Plaintiffs claim that, because of defendant's alleged negligence, they lost a valuable business asset, and were forced to sell their business to the buyer for less than half of the original contract price.

Special Term granted summary judgment to defendant, determining that even if defendant were negligent in the preparation of the assignment of lease, that negligence was not the proximate cause of plaintiffs' damages. In our view, Special Term erred by deciding the issue of proximate cause as a matter of law.

The court's conclusion that plaintiffs caused their own damages by repudiating the contract when they knew that they had signed an irrevocable assignment of lease is based upon a determination of credibility which should not be made

on a motion for summary judgment. Moreover, plaintiffs testified that they would not have signed the sales contract at all if they had understood the effect of the assignment of lease. That testimony was sufficient to raise a question of fact concerning whether defendant's negligence was a substantial cause of the events which produced plaintiffs' damages. Based upon the record, it cannot be concluded as a matter of law that plaintiffs' repudiation of the contract was an intervening act that superseded defendant's alleged negligence. The possibility that plaintiffs might choose to cancel a conditional sales contract is not so unforeseeable or extraordinary that their decision to do so should relieve defendant of all liability for his alleged negligence as a matter of law *(see, Kush v City of Buffalo,* 59 NY2d 26, 33; *Mesick v State of New York,* 118 AD2d 214, 218, *lv denied* 68 NY2d 611). The issue should be decided by a jury. (Appeal from order of Supreme Court, Monroe County, Wesley, J.—summary judgment.) Present— Dillon, P. J., Green, Pine, Lawton and Davis, JJ.