■ Peter Elardo et al., Respondents, v Town of Oyster Bay, Appellant, et al., Defendants.—In a negligence action to recover damages for personal injuries, etc., the defendant Town of Oyster Bay appeals (1) from a judgment of the Supreme Court, Nassau County (Roberto, J., at trial on liability; Ain, J. at trial on damages), entered December 1, 1989, which, upon jury verdicts as to liability and damages, is in favor of the plaintiffs and against it in the amount of $821,000, and (2) from so much of an order of the same court, entered December 18, 1989, as denied its motion to set aside the verdict on the issue of damages as excessive.

Ordered that the judgment is reversed, on the law, without costs or disbursements, and the complaint is dismissed; and it is further,

Ordered that the appeal from the order is dismissed, without costs or disbursements, as academic, in light of our determination on the appeal from the judgment.

The trial record reveals that the infant plaintiff Peter Elardo sustained personal injuries when he was struck in the eye by a piece of plexiglass which had been thrown by the infant defendant John Ciofalo, while the boys were sledding in a sump owned by the defendant Town of Oyster Bay. The boys had gained access to the Town's property, without consent, through a hole in a fence, and had been sledding on the snow-covered slopes of the sump. The accident occurred when the strip of plexiglass which the defendant Ciofalo had been using as a sled, shattered beneath him and a piece of the plastic sled lodged in his knee. Without looking to see where the other children were at that time, the injured defendant pulled the shard out of his knee and flung it left "like a frisbee." The piece then struck the eye of the infant plaintiff, who had been standing some 25 feet behind the defendant Ciofalo.

The plaintiffs commenced this action, alleging *inter alia,* the Town of Oyster Bay failed to exclude neighborhood children from the property which it used to store various forms of debris, despite the fact that it was on notice that children and adults from the area frequented the sump.

At the liability trial, after the close of the plaintiffs' direct case, the Town moved for judgment as a matter of law, reasoning, *inter alia,* that its purported failure to keep children out of its property, even if established, was not a proximate cause of the injury. The Town argued that the intervening act of throwing the plexiglass piece by the defendant Joseph Ciofalo was a superseding cause which absolved it from any liability. The Supreme Court, Nassau County, reserved decision on the motion. When the jury returned a verdict finding the Town 87% at fault in the happening of the accident, the Town renewed its motion to dismiss, and the trial court denied it. Thereafter, a trial on the issue of damages was conducted and final judgment was entered in favor of the plaintiffs.

A landowner has a duty to exercise reasonable care in maintaining its property in a safe condition *(see, Basso v Miller,* 40 NY2d 233). Defining the nature and scope of the duty and to whom the duty is owed requires consideration of the likelihood of injury to another from a dangerous condition or instrumentality on the property, the severity of the potential injuries, the burden of the landowner to avoid the risk, and the foreseeability of a potential plaintiff's presence on the property *(see, Kush v City of Buffalo,* 59 NY2d 26, 29-30). The question of duty and foreseeability will be resolved by this court when the facts are undisputed and only one inference may be drawn *(see, Donohue v Copiague Union Free School Dist.,* 64 AD2d 29, *affd* 47 NY2d 440). However, an exception to the landowner's duty arises when an occurrence is deemed to be so exceptional in nature that it does not " 'suggest itself to a reasonably careful and prudent person as one which should be guarded against' " *(Fellis v Old Oaks Country Club,* 163 AD2d 509, 511, quoting from *Silver v Sheraton-Smithtown Inn,* 121 AD2d 711). This exception has been applied in cases where, as here, a plaintiff was injured by the acts of another child *(see, O'Britis v Peninsula Golf Course,* 143 AD2d 123) or by circumstances created by the plaintiffs on the landowner's property *(see, e.g., McIntyre v Beaver Dam Winter Sports Club,* 163 AD2d 277; *see also, Culkin v Parks & Recreation Dept.,* 168 AD2d 912).

Assuming that the Town failed to take appropriate steps to exclude neighborhood children from its premises, the plaintiffs have nevertheless failed as a matter of law to establish a causal connection between the alleged breach by the Town and the injury sustained by the infant plaintiff due to the throwing of the piece of plexiglass by the defendant Joseph

Ciofalo. It is firmly established that "[a]n intervening act will be deemed a superseding cause and will serve to relieve [the] defendant of liability when the act is of such an extraordinary nature or so attenuates [the] defendant's negligence from the ultimate injury that responsibility for the injury may not be reasonably attributed to the defendant" *(Kush v City of Buffalo, supra,* at 33). In this case, any failure to enclose the sump, as a matter of law, was not the proximate cause of the plaintiff's injuries. The hurling of a piece of plexiglass by the defendant Ciofalo constituted a superseding cause, which so attenuated the Town's negligence from the ultimate injury that the imposition of liability would be unreasonable under the circumstances *(see, O'Britis v Peninsula Golf Course, supra,* at 125-126).

Neither decisional precedent nor public policy considerations support an extension of a landowner's duty of care to prevent the throwing of an object and the extraordinary accidents which may result *(see, O'Britis v Peninsula Golf Course, supra; Fellis v Old Oaks Country Club,* 163 AD2d 509, *supra).*

In view of the above disposition, we need not reach the appellant's remaining contentions. Bracken, J. P., Sullivan, O'Brien and Ritter, JJ., concur.