■ NICOLE BRUNING et al., Appellants-Respondents, v MICHAEL SHEVLIN et al., Respondents-Appellants. (And a Third-Party Action.)—In a negligence action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Nassau County (McCabe, J.), dated February 14, 1990, as upon a jury verdict on the issue of liability finding that the defendants were not at fault in the happening of the accident, dismissed their complaint. The defendants cross-appeal from so much of the same judgment as dismissed their third-party complaint.

Ordered that the cross appeal is dismissed, without costs or disbursements, as withdrawn; and it is further,

Ordered that the judgment is affirmed insofar as appealed from, without costs or disbursements.

The seven-year-old plaintiff was taken by her aunt to the home of the defendants, from whom the aunt had agreed to rent an apartment. While playing in the defendants' backyard, the infant plaintiff fell off a bicycle and into a cement stairwell, sustaining injuries. Several days before the accident, the defendant Michael Shevlin had removed an old railing from around the stairwell in preparation for the installation of a new one and temporarily replaced it with two 2 × 4 wood beams supported by two logs. In rendering a verdict in favor of the defendants, the jury found that the premises were not in a reasonably safe condition, but that the defendants were not negligent.

Contrary to the contention on appeal, it was not reversible error for the trial court to have charged the jury that in deciding whether the defendants were negligent it could consider whether the infant plaintiff was a trespasser. There was conflicting evidence at trial as to whether the infant plaintiff had the defendants' permission to play in the backyard. Furthermore, while the owner of the property has a duty to use reasonable care under the circumstances regardless of whether the potential plaintiff is an invitee, licensee or trespasser upon the property (see, Kush v City of Buffalo, 59

NY2d 26; *Basso v Miller,* 40 NY2d 233), a potential plaintiff's status is nonetheless relevant to the issue of foreseeability of his or her presence on the property. In its charge the court correctly instructed the jury on those rules *(see,* PJI 2:90.2 [Supp]).

Contrary to the plaintiffs' further contention, we find that the verdict was not inconsistent or against the weight of the evidence. Mangano, P. J., Kunzeman, Eiber and Balletta, JJ., concur.