■ In the Matter of SHARON LAWRENCE, Appellant, v THOMAS LAWRENCE, Respondent. (Appeal No. 2.)—Appeal unanimously dismissed without costs (see, Family Ct Act § 1112; *Matter of Dora P.,* 68 AD2d 719, 728). (Appeal from Order of Erie County Family Court, Dillon, J.—Child Support.) Present—Callahan, J. P., Green, Balio, Davis and Doerr, JJ.

■ In the Matter of SHARON LAWRENCE, Appellant, v THOMAS LAWRENCE, Respondent. (Appeal No. 3.)—Appeal unanimously dismissed without costs (see, Family Ct Act § 1112; *Matter of Dora P.,* 68 AD2d 719, 728). (Appeal from Order of Erie County Family Court, Dillon, J.—Child Support.) Present—Callahan, J. P., Green, Balio, Davis and Doerr, JJ.

■ LAWRENCE HUFF, as Administrator of the Estate of RICHARD L. HUFF, Deceased, Appellant, v FOREST CREEK EQUITY CORP., Respondent and Third-Party Plaintiff-Appellant. PERNA HOMES, INC., Third-Party Defendant-Respondent, et al., Third-Party Defendant.—Order unanimously affirmed without costs. Memorandum: On July 17, 1988, shortly before 1:00 A.M., 17-year-old Ricky Huff died after he drove his all-terrain vehicle into a ditch in front of a basement foundation wall of a four-unit townhouse building being constructed in the Pumpkin Hill Subdivision in the Town of Chili, Monroe County. Moments before, a Deputy Sheriff observed the vehicle being operated on a public roadway without headlights. The Deputy activated his car's emergency lights and sounded the car's siren in an attempt to stop the vehicle because it was being operated in violation of the Vehicle and Traffic Law. Huff did not stop his vehicle. Instead, he turned off the roadway, drove his vehicle into an unlighted area of the subdivision and into the ditch. The record establishes that neither the Deputy nor the site supervisor was aware of any prior all-terrain vehicle use in the area where the accident occurred.

Under the circumstances of this case, we conclude that Supreme Court properly granted defendant's motion for summary judgment dismissing the complaint. Huff's accident and resultant death were unforeseeable as a matter of law (see, *Kush v City of Buffalo,* 59 NY2d 26, 29-30; *Basso v Miller,* 40 NY2d 233, 241; see generally, *Pulka v Edelman,* 40 NY2d 781, 782). In view of our determination, we do not address the parties' remaining contentions. (Appeals from Order of Supreme Court, Monroe County, Siracuse, J.—Dismiss Complaint.) Present—Callahan, J. P., Green, Balio, Davis and Doerr, JJ.