■ LORI A. SMITH, Appellant, v PETER AND JOHN'S PUMP HOUSE, INC., Doing Business as PUMP HOUSE TAVERN, et al., Respondents, and PETER A. LIMPERT et al., Appellants. [616 NYS2d 315] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court properly found that defendants Rumetco Sales, Inc., and Phillip and Florence C. Ruffini owed no duty to plaintiff, and properly granted their motion for summary judgment. Plaintiff was not injured on defendants' premises and the condition of the premises was not related to plaintiff's injuries. Plaintiff's reliance on the doctrine imposing a duty on landowners to those using the premises, therefore, is misplaced *(see, e.g., Kush v City of Buffalo,* 59 NY2d 26, 29; *Basso v Miller,* 40 NY2d 233, 241; *Akins v Glens Falls City School Dist.,* 53 NY2d 325; *DiSalvo v Armae, Inc.,* 41 NY2d 80; *Putnam v Stout,* 38 NY2d 607, 611).

The court erred, however, in granting the motion of defendant Peter and John's Pump House, Inc. (Pump House) for summary judgment dismissing plaintiff's complaint against it. There is a question of fact whether Pump House assumed a duty to patrons to ensure their safety in crossing Bear Street. "[O]ne who assumes to act, even though gratuitously, may thereby become subject to the duty of acting carefully, if he acts at all" *(Glanzer v Shepard,* 233 NY 236, 239). (Appeals from Order of Supreme Court, Onondaga County, Stone, J.— Summary Judgment.) Present—Denman, P. J., Pine, Fallon, Callahan and Davis, JJ.