■ GARFIELD STEPHENSON, an Infant, by His Mother and Natural Guardian, DIANNE COLEY, et al., Respondents, v S.C. JOHNSON & SON, INC., Defendant, and IMPACT MEDIA et al., Appellants. [658 NYS2d 636] —In an action to recover damages for personal injuries, etc., the defendants Foster Apartments Group and Impact Media separately appeal from (1) so much of an order of the Supreme Court, Kings County (R. Goldberg, J.), dated January 17, 1996, as denied their respective motions for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, and (2) an order of the same court, dated May 28, 1996, which denied their respective motions for renewal of the prior motions for summary judgment.

Ordered that the order dated January 17, 1996, is affirmed insofar as appealed from; and it is further,

Ordered that the order dated May 28, 1996, is reversed, on the law and as a matter of discretion, the appellants' respective motions for renewal are granted, and upon renewal, the appellants' respective motions for summary judgment dismissing the complaint and all cross claims insofar as asserted against them are granted; and it is further,

Ordered that the appellants are awarded one bill of costs.

The defendant S.C. Johnson & Son, Inc. (hereinafter SCJ), the manufacturer of "Raid Max Roach & Ant Killer", engaged the services of the defendant Impact Media (hereinafter IM) to distribute cans of its product in child-resistant wrapping as part of a promotional sampling. On or about June 9, 1994, IM distributed these cans to the residents of a housing complex at 1412 Brooklyn Avenue in Brooklyn, by placing them on the doorknobs of the apartments, allegedly without the knowledge or consent of the building's managing agent, the defendant Foster Apartments Group (hereinafter Foster). Later that day, an 11-year-old boy, who was not a resident of the building, obtained one of the sample cans and ignited the spray in the courtyard of the building, creating a "blowtorch" which he used to injure the infant plaintiff. The plaintiffs subsequently commenced this action against SCJ and IM, alleging negligence in the distribution of the samples, and against Foster, alleging negligence in the maintenance and control of the premises where the injury occurred.

Thereafter, SCJ and IM jointly moved for summary judgment on the ground that the infant plaintiff's injuries were not proximately caused by any alleged negligence on their part, contending that the assault was an unforeseeable, intervening criminal act. In support of the motion, SCJ submitted an affidavit indicating that a search of its records revealed no prior reports, claims, or lawsuits involving any similar criminal misuse of its aerosol products. Foster also moved for summary judgment on the ground that the infant plaintiff's injuries were caused by the unforeseeable, intervening acts of a third person. The court granted SCJ's motion, but denied the motions of IM and Foster because they failed to submit any evidence demonstrating their lack of knowledge of prior similar incidents. Subsequently, IM and Foster moved for renewal, submitting affidavits from employees which stated that a search of their respective records revealed no information about prior similar incidents. The court summarily denied the motions.

While the court properly denied the appellants' initial motions for summary judgment, under the circumstances it should

have exercised its discretion in favor of granting the motions to renew despite the fact that the information submitted on the motions was previously known to the appellants *(see, Jet Asphalt Corp. v Consolidated Edison Co.,* 114 AD2d 489; *Vitale v La Cour,* 96 AD2d 941). That evidence, initially found to be lacking by the court, clearly established the appellants' entitlement to summary judgment.

Assuming that IM and Foster had a duty to prevent children from gaining access to the spray cans, the infant plaintiff's injuries did not arise from any foreseeable hazard which that duty exists to prevent *(see, Di Ponzio v Riordan,* 89 NY2d 578; *O'Britis v Peninsula Golf Course,* 143 AD2d 123). As the court correctly noted, foreseeable harm arising from the breach of such a duty might include the situation where a child sprays the contents of the aerosol can into his eyes or the eyes of a playmate, but not the criminal act which occurred here *(see, Di Ponzio v Riordan, supra).* Contrary to the plaintiffs' contentions, the injury-producing act was not "a normal or foreseeable consequence of the situation created by the [appellants'] negligence" *(Derdiarian v Felix Contr. Corp.,* 51 NY2d 308, 315), nor was the intervening act itself the foreseeable harm that shapes the duty imposed *(see, Kush v City of Buffalo,* 59 NY2d 26, 33). Thus, in the absence of evidence of prior similar occurrences which might render the criminal misuse of an aerosol can foreseeable, neither IM nor Foster can be held liable for the infant plaintiff's injuries. Miller, J. P., Altman, Goldstein and Florio, JJ., concur. *[See,* 168 Misc 2d 528.]