■ MICHAEL C. LIBBY, an Infant, by His Father and Natural Guardian, HERBERT LIBBY, et al., Appellants-Respondents, v WALDBAUM'S, INC., et al., Defendants, DALE SYSTEMS, INC., Also Known as DALE SECURITY SYSTEMS, et al., Respondents, and SHIRLEY DRIVE-IN ASSOCIATES et al., Respondents-Appellants. (And Third-Party Actions.) [658 NYS2d 454] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), dated March 29, 1996, as granted the respective motions of the defendants Dale Systems, Inc. a/k/a Dale Security Systems, C. Raimondo & Sons Construction Co., Inc., Shirley Drive-In Associates, L.P., Lerner-Heidenberg Associates, and J. P. Patti Roofing Co., Inc., for summary judgment dismissing the amended complaint and all cross claims insofar as asserted against them and the defendants Shirley Drive-In Associates, L.P., and Lerner-Heidenberg Associates cross-appeal, as limited by their notice of appeal and brief, from so much of the same order as dismissed their cross claims against the defendants C. Raimondo & Sons Construction Co., Inc., and J. P. Patti Roofing Co., Inc., insofar as they sought indemnification for counsel fees.

Ordered that the order is affirmed insofar as appealed and cross appealed from, without costs or disbursements.

On a Sunday afternoon, the 14-year-old plaintiff Michael Christopher Libby and two friends went to the site of a supermarket under construction "to check it out". They entered the site through a hole in the fence, and climbed a scaffold up to the roof. It is undisputed that one of the youths lit a propane torch and the other deliberately kicked over a bucket of flammable liquid which got onto Michael's clothes. The accounts vary as to whether Michael himself was holding a paint roller to the torch in order to ignite it when his clothes caught fire or whether he was standing with his back turned to the youth with the torch at the time.

The court properly found that the conduct of the infant plaintiff and the other youths constituted a superseding cause of the infant plaintiff's injuries as a matter of law (see, Kriz v Schum, 75 NY2d 25, 36; Boltax v Joy Day Camp, 67 NY2d 617; Elardo v Town of Oyster Bay, 176 AD2d 912). Under the circumstances presented, it would be unreasonable to charge the defendants with a duty to protect the infant plaintiff against the harm incurred (see, Burgess v City of New York, 205 AD2d 656). This is not a case where "the injury-producing act was 'a normal or foreseeable consequence of the situation created by

the [defendants'] negligence' * * * nor does it present a scenario where 'the intervening, intentional act of another is itself the foreseeable harm that shapes the duty imposed' " (*O'Britis v Peninsula Golf Course*, 143 AD2d 123, 125, quoting *Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315, and *Kush v City of Buffalo*, 59 NY2d 26, 33).

The contentions of the defendants Shirley Drive-In Associates, L.P., and Lerner-Heidenberg Associates that they are entitled to contractual indemnification from the general contractor and roofing subcontractor, at least to the extent of recovering attorney's fees, are without merit, since the contractual provisions relied on are inapplicable under the circumstances (*cf., Brown v Two Exch. Plaza Partners*, 76 NY2d 172, 178). Miller, J. P., Copertino, Sullivan and Altman, JJ., concur.