■ ANTHANASIOS VOUNIOZOS, Respondent, v HELMSLEY-SPEAR, INC., et al., Appellants. (And Other Actions.) [683 NYS2d 512] —Judgment, Supreme Court, New York County (Emily Goodman, J., and a jury), entered June 4, 1997, which, in an action by a laborer against a building owner and managing agent for burn injuries sustained as a result of defective plumbing, insofar as appealed from, apportioned liability 50% as against each defendant, and awarded plaintiff damages, structured pursuant to CPLR article 50-B, based upon jury awards of $500,000 for past pain and suffering and $400,000

for future pain and suffering, unanimously affirmed, without costs.

The verdict on liability has sufficient support in the evidence that defendants intentionally set the domestic hot water supplied to the apartments in the building to a level so high that, in off-peak hours, the water would cause second- and third-degree burns upon immediate contact, creating a foreseeable risk of injury to plaintiff, who was hired to install new kitchen cabinets and hook up the water pipes to appliances (*see*, *Kush v City of Buffalo*, 59 NY2d 26, 29-30). It is of no consequence whether, as plaintiff claims, the pipe burst when he tried to tighten the valve in order to stop a small leak, or whether, as defendants claim, plaintiff removed the capping from the pipe in an attempt to perform a hookup that he should have hired a qualified plumber to do. If defendants' account does not itself support a finding for plaintiff (*but, cf.*, *Muhaymin v Negron*, 86 AD2d 836, 837), at best it raised an issue of fact for the jury, which was properly instructed to draw an adverse inference against defendants for their failure to produce the piece of pipe that allegedly had a wrench mark on it.

We find the damages award herein does not deviate materially from what is reasonable compensation in these circumstances. Concur—Sullivan, J. P., Lerner, Mazzarelli and Saxe, JJ.