■ Jerome Dantzler et al., Respondents, v New York City Housing Authority, Appellant. [702 NYS2d 890] —In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Queens County (Golia, J.), dated March 12, 1999, which denied its motion, in effect, for summary judgment dismissing the first cause of action in the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the first cause of action is dismissed.

The infant plaintiff and his cousin were visiting a relative in a building owned by the defendant in Jamaica, Queens. As the children left the building on their way to a park, the infant plaintiff noticed some broken glass by the steps of the building. He picked up a stick, hit the glass, and handed the stick to his cousin, who also used it to hit the glass. When the infant plaintiff again hit the glass with the stick, a piece of glass hit him in the eye.

It is well established that while a defendant is liable for all normal and foreseeable consequences of its acts, an intervening act will constitute a superseding cause and will serve to relieve a defendant of liability when the act is of such an extraordinary nature or so attenuated from the defendant's conduct that responsibility for the injury should not reasonably be attributed to the defendant (see, Gordon v Eastern Ry. Supply, 82 NY2d 555). Even assuming that the defendant here was responsible for the glass being on the premises, the action of the infant plaintiff in hitting the glass with a stick constituted a superseding cause which so attenuated any alleged negligence by the defendant from the ultimate injury that the imposition of liability would be unreasonable under the circumstances (see, Elardo v Town of Oyster Bay, 176 AD2d 912).

Although the defendant's motion for summary judgment requested that the entire complaint be dismissed, the defendant's arguments only addressed the first cause of action, and the Supreme Court treated the motion as one to dismiss only the first cause of action. We therefore make no determination concerning the remaining causes of action set forth in the complaint. Ritter, J. P., Sullivan, S. Miller and Luciano, JJ., concur.