■ BILLY CLARK, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [717 NYS2d 216] —In an action to recover damages for personal injuries, the defendant appeals from a judgment of the Supreme Court, Kings County (Douglass, J.), entered October 15, 1999, which, upon a jury verdict, finding it 100% at fault in the happening of the accident and awarding damages in the sum of $4,590,000, is in favor of the plaintiff and against it.

Ordered that the judgment is reversed, on the law, without costs or disbursements, and the complaint is dismissed.

At the time of the incident in which the infant plaintiff was injured, he was a resident of the Marcy Projects, a housing development in Brooklyn owned by the defendant, New York City Housing Authority (hereinafter NYCHA). The infant plaintiff was coaching children as they played a football game on an open field located between the buildings of the housing development and near the garbage disposal area for the development. The evidence indicated that there was usually garbage accumulated in and about the garbage disposal area, and that garbage was spilled in the vicinity of the field. During the game, Vincent Hardy, a minor resident of the housing development, now deceased, who was watching the game from the sidelines, picked up a vinyl phonograph record and threw it toward the game's participants. The record struck the infant plaintiff's eye, causing a permanent loss of sight. NYCHA asserted a defense based in part upon the theory that Hardy's actions constituted a superseding intervening event which broke the causal nexus between the plaintiff's injury and any alleged negligence by NYCHA in permitting garbage to accumulate in and around the playing field. The jury, however, found NYCHA to be 100% at fault in causing the accident.

It is well established that while a defendant is liable for all normal and foreseeable consequences of its acts, an intervening act will constitute a superseding cause and will serve to relieve a defendant of liability when the act is of such an extraordinary nature or so attenuated from the defendant's conduct that responsibility for the injury should not reasonably be attributed to the defendant (see, Gordon v Eastern Ry. Supply, 82 NY2d 555; Kush v City of Buffalo, 59 NY2d 26, 33; Dantzler v New York City Hous. Auth., 269 AD2d 420; Elardo v Town of Oyster Bay, 176 AD2d 912). The plaintiffs failed as a matter of law to establish a causal nexus between any alleged breach by NYCHA and the injury sustained by the infant plaintiff. Hardy's act of throwing the record was not a foreseeable consequence of the alleged failure of NYCHA to maintain the garbage area. Therefore, it constituted a superseding cause which so attenuated the alleged negligence of NYCHA from the ultimate injury that the imposition of liability would be unreasonable under the circumstances (see, Convey v City of Rye School Dist., 271 AD2d 154; Dantzler v New York City Hous. Auth., supra; Ramirez v Velarde, 248 AD2d 697).

In light of our determination, it is unnecessary to reach the parties' remaining contentions. O'Brien, J. P., McGinity, Luciano and Schmidt, JJ., concur.