■ Milivoj Grego, Respondent, v Otis Elevator Company, Inc., Defendant and Third-Party Plaintiff-Appellant. Mainco Service, Inc., Defendant and Third-Party Plaintiff-Respondent. Frick Collection, Third-Party Defendant-Respondent. [731 NYS2d 480] —In an action to recover damages for wrongful death, the defendant Otis Elevator Company, Inc., appeals from so much of an order of the Supreme Court, Queens County (Golar, J.), dated January 29, 2001, as denied its motion for summary judgment dismissing the complaint and all cross claims and counterclaims insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, the complaint and all cross claims and counterclaims are dismissed insofar as asserted against the appellant, and the action against the remaining defendant is severed.

The plaintiff's decedent was killed as he attempted to free a stuck freight elevator located at the second third-party defendant The Frick Collection (hereinafter The Frick). The decedent worked for The Frick, but his responsibilities did not include elevator maintenance, service, or repair, and he did not call the party then under contract to provide such service, the defendant Mainco Service, Inc. (hereinafter Mainco). The plaintiff commenced this action against Mainco, and against the appellant, Otis Elevator Company, Inc. (hereinafter Otis), which manufactured and installed the approximately 70-year-old elevator, and which maintained, serviced, and repaired it until approximately three years before the accident. The Supreme Court denied Otis's motion for summary judgment dismissing the complaint and all cross claims and counterclaims insofar as asserted against it. We reverse.

In opposition to Otis's prima facie demonstration of entitle-

ment to judgment as a matter of law, the plaintiff failed to raise a triable issue of fact as to whether Otis failed to properly maintain, service, or repair the elevator, resulting in an allegedly defective slack chain switch, or on any other theory (*see, Zuckerman v City of New York,* 49 NY2d 557). Thus, Otis is entitled to summary judgment.

In light of our determination, we need not decide whether the decedent's conduct in attempting to free the elevator was an intervening, superseding cause of the damages alleged (*see, Kush v City of Buffalo,* 59 NY2d 26). Santucci, J. P., Florio, H. Miller and Townes, JJ., concur.