■ CHRISTIAN BARTH et al., Appellants, v CITY OF NEW YORK, Defendant, and NEW YORK CITY BOARD OF EDUCATION et al., Defendants and Third-Party Plaintiffs-Respondents-Appellants. HALLS SECURITY ANALYST INCORPORATED, Third-Party Defendants-Respondents. [763 NYS2d 101] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from so much of an order of the Supreme Court, Kings County (Bruno, J.), dated May 13, 2002, as granted the motion of the defendants third-party plaintiffs New York City Board of Education and Abiela Contracting, Inc., for summary judgment dismissing the complaint insofar as asserted against them, and the defendants third-party plaintiffs New York City Board of Education and Abiela Contracting, Inc., cross-appeal from so much of the same order as granted the motion of the third-party defendant Halls Security Analyst Incorporated for summary judgment dismissing the third-party complaint.

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that the cross appeal is dismissed as academic; and it is further,

Ordered that one bill of costs is awarded to the defendants third-party plaintiffs, payable by the plaintiffs.

On the late afternoon of February 25, 1991, the infant plaintiff and three friends were playing in the yard of the High School of Telecommunication Arts and Technology located at 350 67th Street in Brooklyn. The children allegedly gained entry through an unlocked gate. The school was in the process of being renovated by the defendant third-party plaintiff Abiela Contracting, Inc., and its subcontractors and, as a result, various pieces of construction equipment and debris were present. After running around and playing for approximately 20 minutes, without warning one of the infant plaintiff's friends threw a "mudball," reportedly comprised of "metal scraps, concrete and mud," at the infant plaintiff, striking him in the right eye.

The plaintiffs commenced this action against the City of New York, which owned the property, the defendant third-party plaintiff New York City Board of Education, which leased the premises, and the defendant third-party plaintiff Abiela Contracting, Inc., alleging, inter alia, that they negligently maintained the property and failed to adequately secure the area despite notice that children frequented the site. The Supreme Court properly granted the motion of the defendants third-party plaintiffs for summary judgment dismissing the complaint insofar as asserted against them.

A landowner or lessee has a duty to exercise reasonable care in order to maintain its property in a safe condition (*see Basso v Miller,* 40 NY2d 233 [1976]; *Tagle v Jakob,* 97 NY2d 165 [2001]). It is, however, well established that while a defendant is liable for all natural and foreseeable consequences of its acts, an intervening act will constitute a superseding cause and will serve to relieve a defendant of liability when the act is of such an extraordinary nature or so attenuated from the defendant's conduct that responsibility for the injury should not reasonably be attributed to the defendant (*see Gordon v Eastern Ry. Supply,* 82 NY2d 555 [1993]; *Kush v City of Buffalo,* 59 NY2d 26, 33 [1983]; *Elardo v Town of Oyster Bay,* 176 AD2d 912 [1991]). Even assuming that the property was not adequately cleaned or secured, the infant plaintiff's friend's act of throwing the "mudball" at the infant plaintiff was not a natural and foreseeable consequence of the actions of the defendants third-party plaintiffs. It therefore constituted a superseding cause which so attenuated their alleged negligence from the ultimate injury that the imposition of liability would be unreasonable under the circumstances (*see Clark v New York City Hous. Auth.,* 277 AD2d 338 [2000]; *Dantzler v New York City Hous. Auth.,* 269 AD2d 420 [2000]; *Ramirez v Velarde,* 248 AD2d 697 [1998]). "Neither decisional precedent nor public policy considerations support an extension of a landowner's duty of care to prevent the throwing of an object and the extraordinary accidents which may result" (*Elardo v Town of Oyster Bay, supra* at 914).

In light of our determination, the issues raised on the cross appeal have been rendered academic (*see Scalone v Racanelli,* 296 AD2d 397 [2002]). Ritter, J.P., S. Miller, McGinity and Luciano, JJ., concur.