■ Eve Cruz, Respondent, v City of New York, Respondent, and JPM Contracting Corp., Appellant. [775 NYS2d 549]—

In an action to recover damages for personal injuries, the defendant JPM Contracting Corp. appeals from so much of an order of the Supreme Court, Queens County (Flug, J.), dated

March 28, 2003, as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, the complaint and all cross claims are dismissed insofar as asserted against the defendant JPM Contracting Corp., and the action against the remaining defendant is severed.

The seven-year-old plaintiff, Eve Cruz, injured her right ring finger when it become wedged between a barricade and the top of a fire hydrant. The defendant JPM Contracting Corp. (hereinafter JPM) allegedly left two metal barricades by a fire hydrant near the plaintiff's home. On the day of the accident, the plaintiff's friends moved the barricades so that one of them was leaning against the other above the fire hydrant. The plaintiff and her friends were sitting on various areas of the barricades, and when two of her friends got off, one of the barricades tilted, causing the injury.

To carry its burden of establishing a prima facie case on its motion for summary judgment, JPM was required to show that its negligence, if any, was not a substantial cause of the events which produced the injury (*see Derdiarian v Felix Contr. Corp.,* 51 NY2d 308, 315 [1980]). Although "issues of proximate cause are generally fact matters to be resolved by a jury" (*Benitez v New York City Bd. of Educ.,* 73 NY2d 650, 659 [1989]), "[t]here are certain instances . . . where only one conclusion may be drawn from the established facts and . . . the question of legal cause may be decided as a matter of law" (*Derdiarian v Felix Contr. Corp., supra* at 315; *see Ramirez v Velarde,* 248 AD2d 697 [1998]).

Here, assuming that JPM negligently left the barricades at the accident site, JPM carried its burden as a matter of law (*see Zuckerman v City of New York,* 49 NY2d 557, 562-563 [1980]), as the actions of the plaintiff and other children were a superseding cause of her injury. In opposition, the plaintiff failed to raise a triable issue of fact. The children's acts "constituted a superseding cause which so attenuated any alleged negligence by [JPM] from the ultimate injury that the imposition of liability would be unreasonable under the circumstances" (*Dantzler v New York City Hous. Auth.,* 269 AD2d 420 [2000]; *see Barth v City of New York,* 307 AD2d 943, 944 [2003], *lv denied* 1 NY3d 506 [2004]; *Clark v New York City Hous. Auth.,* 277 AD2d 338, 339 [2000]). Accordingly, the Supreme Court should have granted JPM's motion for summary judgment. Ritter, J.P., H. Miller, S. Miller and Crane, JJ., concur.