■ LANEY JONES, Appellant, v CITY OF NEW YORK, Respondent. [781 NYS2d 147]—

In an action to recover damages for personal injuries, etc., the plaintiff appeals from an order of the Supreme Court, Kings County (Knipel, J.), dated August 5, 2003, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The infant plaintiff was injured while playing near an abandoned scooter located on a vacant lot owned by the City of New York. Another infant playing at the lot placed a lighted match inside the gas tank of the scooter causing an explosion that resulted in the infant plaintiff's injuries.

The City demonstrated its prima facie entitlement to judgment as a matter of law (see Alvarez v Prospect Hosp., 68 NY2d 320 [1986]). Even assuming that the City breached its duty to maintain the vacant lot in a reasonably safe condition (see Parnell v Holland Furnace Co., 234 App Div 567 [1932], affd 260 NY 604 [1932]; see generally Basso v Miller, 40 NY2d 233 [1976]), it cannot be held liable for the accident. The act of the other infant in throwing a lighted match into the gas-filled tank "constituted a superseding cause which so attenuated any alleged negligence by the City from the ultimate injury that the imposition of liability would be unreasonable under the circumstances" (Dantzler v New York City Hous. Auth., 269 AD2d 420 [2000]; see Cruz v City of New York, 6 AD3d 644 [2004]; Barth v City of New York, 307 AD2d 943 [2003]; Clark v New York City Hous. Auth., 277 AD2d 338 [2000]; Stephenson v Johnson &

*Son,* 239 AD2d 402 [1997]; *O'Britis v Peninsula Golf Course,* 143 AD2d 123 [1988]). In opposition, the plaintiff failed to raise a triable issue of fact.

Thus, the Supreme Court properly granted the City's motion for summary judgment dismissing the complaint. Florio, J.P., Adams, Cozier and Lifson, JJ., concur.