■ CHRISTOPHER MRAKOVCIC et al., Appellants, v ROSE ART INDUSTRIES, INC., Respondent. [809 NYS2d 538]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Davis, J.), entered November 9, 2004, which granted the defendant's motion for summary judgment dismissing the complaint, and denied their motion for partial summary judgment on their causes of action for negligent manufacture, negligent inspection, and manufacturing defect.

Ordered that the order is affirmed, with costs.

The infant plaintiff was injured when his 5½-year-old brother hurled a broken piece of a dry-erase board at him and it struck him in the eye. The dry-erase board, which was manufactured by the defendant Rose Art Industries, Inc., had broken when it fell off the refrigerator on to the ceramic floor. In the ensuing action, the infant plaintiff, and his mother derivatively, alleged that the defendant was liable for the infant plaintiff's injuries based upon the theories, inter alia, that the product was negligently manufactured, negligently inspected, and defectively manufactured.

The Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint. While a defendant is liable for all normal and foreseeable consequences of its acts, an intervening act will constitute a superseding cause and will serve to relieve a defendant of liability when the act is of such an extraordinary nature or so attenuated from the defendant's conduct that responsibility for the injury should not reasonably be attributed to the defendant (see Clark v New York City Hous. Auth., 277 AD2d 338, 339 [2000]; see generally Derdiarian v Felix Contr. Corp., 51 NY2d 308 [1980]). This is true regardless of whether an action is pleaded as products liability (i.e., a manufacturing defect) or negligence (see Dickinson v Dowbrands, Inc., 261 AD2d 703 [1999]; see e.g. LaPaglia v Sears Roebuck & Co., 143 AD2d 173 [1988]). The defendant made out a prima facie case for summary judgment by submitting evidence that there was no causal nexus between any alleged breach by the defendant and the injury sustained by the infant plaintiff. The act of the infant child's brother, to wit, throwing the broken piece of the dry-erase board, was not a foreseeable consequence of the alleged failures of the defendant in manufacturing and inspecting the product (see Barth v City of New York, 307 AD2d 943 [2003]; Clark v New York City Hous. Auth., supra; O'Britis v Peninsula Golf Course, 143 AD2d 123 [1988]). The infant brother's actions constituted a superseding cause which so attenuated the alleged negligence of the defendant from the ultimate injury that the imposition of liability would be unreasonable under the circumstances. The affidavits submitted by the plaintiffs in opposition to the defendant's motion failed to compel a contrary conclusion.

In light of our determination, it is unnecessary to reach the plaintiffs' remaining contentions. Goldstein, J.P., Mastro, Spolzino and Lunn, JJ., concur.