**David M. HABER and Stephen Hersh, Individually and in their capacities as Trustees of the Monmouth Investments, Inc. Defined Benefit Pension Plan, Plaintiffs,**

v.

**Arden BROWN, Jesse Sofer and C.B. Planning, Inc., Washington National Life Insurance Company of New York and Mutual Benefit Life Insurance Company, Defendants.**

**No. 90 Civ. 2174 (RPP).**

United States District Court, S.D. New York.

Oct. 10, 1991.

Robert J. Poulson, Jr., New York City, for plaintiffs.

Kroll & Tract by Neil B. Connelly, New York City, for defendant Washington Nat. Life Ins. Co.

## OPINION AND ORDER

ROBERT P. PATTERSON, Jr., District Judge.

This is an action for injunctive relief and damages alleging violations of the Employee Retirement Income Security Act of 1974 (ERISA). Defendant Washington National Life Insurance Company (Washington National) moves to dismiss the claims against it pursuant to Rules 12(b)(6) and 9(b) of the Federal Rules of Civil Procedure. For the reasons set forth below, defendant's motion to dismiss pursuant to Rule 12(b)(6) is granted.

## BACKGROUND

For purposes of this motion, the facts as stated in the complaint must be taken as true. *See Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). This action is brought under ERISA by trustees of and participants in the Monmouth Investments, Inc. Defined Benefit Pension Plan (the Plan) against Arden Brown, former president of Monmouth Investments, Inc. and sole trustee of the Plan, for his alleged breach of fiduciary duty and acts of self-dealing. Washington National and Mutual Benefit Life Insurance Company (Mutual Benefit) were added as defendants in the second amended complaint. On August 1, 1991, this Court stayed this action as against Mutual Benefit and placed it on the suspense calendar until January 1, 1992, pursuant to an order signed by Judge Levy of the Superior Court of New Jersey, Chancery Division, Mercer County, enjoining and restraining all parties from maintaining actions against Mutual Benefit, which is currently in rehabilitation. Before the stay was issued, on April 25, 1991, Mutual Benefit had filed a motion to dismiss the claims against it. Washington National moves upon the papers of Mutual Benefit to dismiss the claims against Washington National.

The second amended complaint alleges that Washington National was a fiduciary of the Plan, as defined in 29 U.S.C. § 1002(21)(A), on the grounds that it "issued various insurance policies or annuities purchased by the Plan, and provided actuarial service, investment advice and other services to the Plan" for a fee. Complaint ¶¶ 10, 12. The second cause of action charges Washington National with breach of its fiduciary duties. Complaint ¶¶ 20–21. The third cause of action charges that Washington National "aided, abetted and conspired with Brown" in his breaches of his fiduciary duties. Complaint ¶ 23.

## DISCUSSION

Rule 8(a) of the Federal Rules of Civil Procedure requires that a pleading setting forth a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief." In allowing such simplified "notice pleading," the Federal Rules reject the approach that "pleading is a game of skill" in which the outcome may turn on a mere technicality. *Conley v. Gibson*, 355 U.S. 41, 48, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957). At the same time, Rule 8 is intended to insure that the

opposing party receive "fair notice of what the plaintiff's claim is and *the grounds upon which it rests.*" *Id.* at 47, 78 S.Ct. at 102–03 (emphasis added).

While the Federal Rules do not require detailed pleading, it is well-established that a "bare bones statement" of the legal claim without any supporting facts warrants dismissal. *E.g., Heart Disease Research Found. v. General Motors Corp.*, 463 F.2d 98, 100 (1972); *see also Ostrer v. Aronwald*, 567 F.2d 551, 553 (2d Cir.1977) (dismissing complaint containing "unsupported allegations, which fail to specify in detail the factual basis necessary to enable appellees intelligently to prepare their defense"); *Bush v. Masiello*, 55 F.R.D. 72, 74 (S.D.N.Y.1972) (in determining legal sufficiency of "claim," the term has been defined as " 'the aggregate of operative facts which give rise to right enforceable in the courts' " (citation omitted)); *Unibrand Tire & Prod. Co. v. Armstrong Rubber Co.*, 429 F.Supp. 470, 473 (W.D.N.Y.1977) (complaint "must contain sufficient factual allegations from which every material point necessary to sustain recovery can be drawn").

Here, the second amended complaint supports its allegation that Washington National is a fiduciary as defined in ERISA simply by incorporating terms directly from the statute. *See* 29 U.S.C. § 1002(21)(a)(ii) (defining fiduciary under ERISA); Complaint ¶¶ 10, 12. Beyond these conclusory statements, not a single *fact* is alleged to provide the basis for applying the statute's terms to Washington National specifically. Similarly, no facts are alleged to provide grounds for the claim that Washington National knowingly participated in Brown's fiduciary breaches. Allegations this bare fail to afford Defendant adequate notice of the grounds underlying the claim against it. *See Reily v. Axe–Houghton Management*, No. 87 Civ. 2817, 1988 WL 18895, at *4 (S.D.N.Y. Feb. 24, 1988) (dismissing claim of breach of fiduciary duty where plaintiff failed to allege "a single fact to support its allegation" that defendant was a fiduciary).

## CONCLUSION

Accordingly, the claims against Washington National are dismissed, with leave to amend the complaint to allege facts sufficient to notify Defendant of the grounds for the allegations.

IT IS SO ORDERED.