**In re GOUIRAN HOLDINGS, INC., Debtor.**

**GOUIRAN HOLDINGS, INC., d/b/a GHI, by its Official Committee of General Unsecured Creditors, Plaintiff,**

v.

**DeSANTIS, PRINZI, SPRINGER, KIEFER & SHALL, Defendant.**

**Bankruptcy No. 188–82686–353 (JF).**
**Adv. No. 191–1271–353 (JF).**

United States Bankruptcy Court, E.D. New York.

Aug. 16, 1993.

Shaw, Licitra, Esernio & Schwartz, P.C. by Alan E. Marder, Garden City, for plaintiff.

Wilson, Elser, Moskowitz, Edelman & Dicker by Thomas R. Manisero, Michael Schwartzberg, New York City, for defendant.

Phillips, Nizer, Benjamin, Krim & Ballon by Colleen E. Mack, Garden City, for trustee.

## DECISION ON MOTION TO DISMISS AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM

JEROME FELLER, Bankruptcy Judge.

DeSantis, Prinzi, Springer, Kiefer & Shall ("Defendant"), a firm of certified public accountants, moves to dismiss the amended complaint ("Complaint") filed in this adversary proceeding by the official committee of unsecured creditors ("Plaintiff") on behalf of the Debtor, Gouiran Holdings, Inc. The Complaint charges Defendant, former accountant and auditor of Gouiran Holdings, Inc. (hereinafter "GHI"), with negligence in GHI financial reporting and that such alleged negligence lead to the demise of the enterprise. Defendant responds by way of motion pursuant to Fed.R.Civ.P. 12(b)(6), made applicable to bankruptcy adversary proceedings by Fed.R.Bankr.P. 7012(b), seeking dismissal, with prejudice, of the Complaint for failure to state a claim upon which relief can be granted. It is this motion to dismiss which is before the Court for adjudication. Plaintiff and Defendant, by stipulation dated August 20, 1991, have consented to a full and final adjudication by the bankruptcy court of this non-core litigation pursuant to 28 U.S.C. § 157(c)(2).

Upon review, consideration and analysis of the Complaint, all papers submitted by the parties, the overall record of these proceedings and our own independent legal research, we conclude that the Complaint fails to sufficiently plead the required element of causation necessary to sustain a cause of action sounding in negligence. We therefore grant Defendant's motion to dismiss. Two essentially identical earlier pleadings filed by Plaintiff against Defendant charging accountant negligence were similarly defective. Accordingly, the Complaint is dismissed, with prejudice.

### I.

GHI is a Staten Island based closely held New York Corporation. Prior to the inception of its Chapter 11 case, GHI was engaged in the business of, *inter alia*, mortgage banking and servicing, commercial portfolio and investment lending, and commercial leasing and brokerage. GHI's license to engage in residential mortgage lending and servicing was revoked on June 23, 1988 by the New York State Banking Department following a lengthy administrative hearing. On August 1, 1988, the State of New York commenced an action against GHI, and certain insiders, affiliates and related entities, charging illegal and fraudulent conduct violative of the New York State banking, securities and consumer protection laws. *State of New York v. Gouiran Holdings, Inc.*, Index No. 1458 (N.Y.Sup.Ct., Richmond Co.1988). On August 3, 1988, "in order to protect [GHI's] assets from [further] dissipation", an order was entered by the state court appointing a temporary receiver for all the assets of GHI, and GHI was restrained from transferring any of its assets, except as directed by the receiver.

On September 28, 1988, GHI filed a voluntary petition for reorganization under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of New York. The status of GHI as a debtor in possession was short lived. On or about October 11, 1988, the State of New York moved for, *inter alia*, the appointment of a Chapter 11 trustee pursuant to 11 U.S.C. § 1104. By order dated October 25, 1988, Louis A. Scarcella, Esq. was appointed Chapter 11 trustee. On December 16, 1988, Plaintiff was appointed by the United States Trustee to serve as the official committee of unsecured creditors in the Chapter 11 case of GHI. By order dated October 17, 1990 and with the assent of the Chapter 11 trustee,

the Court empowered the official committee of unsecured creditors to commence and prosecute litigation on behalf of GHI.

## II.

Preliminary to consideration of Defendant's motion to dismiss, we necessarily must examine the contents of the Complaint. Defendant, according to the Complaint, represents itself to the public as a competent, qualified firm of accountants and auditors able to prepare and furnish financial statements and reports showing the financial condition of a business enterprise, all in a prudent and skillful manner in accordance with generally accepted accounting principles and generally accepted auditing standards. Complaint at ¶ 8. Defendant had served as GHI's accountant, performing various accounting services for the company since in or about 1973 and had prepared financial statements and issued reports for GHI since at least 1983. Complaint ¶¶ 9 and 11.

The Complaint charges Defendant with negligence in i) certifying the veracity of financial information regarding GHI, ii) failing to disclose information relevant to GHI's financial posture, and iii) failing to correct such alleged misinformation and omissions. Complaint ¶¶ 7, 11, 13–15. As a result of Defendant's alleged negligence, GHI's financial posture was not fairly portrayed; instead, GHI's financial condition was materially and substantially overstated. Complaint ¶¶ 7 and 17. And, paragraph 16 of the Complaint contains specific charges of assets and income allegedly overstated, liabilities and expenses allegedly understated and alleged nondisclosures of material information.

The centerpiece of the Complaint's negligence allegations is a GHI Accountants' Report for the year ended December 31, 1987, issued on or about March 11, 1988, wherein Defendant reports on GHI's financial statements and position at December 31, 1987 and December 31, 1986 ("1987 Report"). The 1987 Report is annexed to the Complaint as Exhibit A. It is asserted that the 1987 Report includes material errors and omissions and that, contrary to representations contained therein, Defendant failed to comply with generally accepted auditing standards and generally accepted accounting principles in the preparation of the 1987 Report.[1] Complaint ¶¶ 11–12, 14–16.

The financial reporting misrepresentations of GHI's fiscal soundness arising out of Defendant's alleged negligence, it is asserted, were used by certain principals of GHI to perpetrate a fraud on holders of GHI debenture accounts and potential holders of such accounts ("Investor/Creditors") by i) causing existing Investor/Creditors to maintain or increase their debenture accounts, and ii) inducing prospective Investor/Creditors to open such accounts. Complaint ¶¶ 18, 21, 22 and 23. And, these certain principals of GHI then misappropriated the funds generated by the debenture sales, rather than using such funds for legitimate business reasons. Complaint ¶¶ 18, 19 and 20. As a proximate cause of Defendant's claimed negligence, GHI was allegedly injured in that certain of GHI's insiders were able to misappropriate monies which would have been otherwise unavailable to them and GHI assumed debts which it was unable to service. Complaint ¶ 24. For these reasons, according to the Complaint, GHI was forced into bankrupt-

---

1. A brief and fleeting reference to another manifestation of Defendant's alleged negligence, i.e., a 1986 GHI accountants' report, is also made in the Complaint. Complaint at ¶ 12. This report is referred to "upon information and belief" and is said to have been prepared by Defendant in or around March 1987 for the years ended December 31, 1987 and December 31, 1986. How an accountants' report can be prepared in March 1987 to include the year ended December 31, 1987 is nowhere explained. Plainly, the Complaint sloppily mischaracterizes this report. Unlike the 1987 Report, this report is not an-

nexed to the Complaint. Moreover, the Complaint makes no specific allegations relating to this report. Instead, the Complaint hopelessly confuses collective references to "Reports". It is clear from the foregoing and the earlier versions of the complaint filed with the Court, none of which made any reference to reports other than the 1987 Report, that Plaintiff's lawsuit is based on the 1987 Report, and that the careless, oblique mention of a 1986 report was but an afterthought unsuccessfully calculated to cure deficiencies in the earlier complaints.

cy and suffered substantial damages. Complaint ¶¶ 25 and [26].[2]

### III.

■ Fed.R.Civ.P. 12(b)(6) provides for dismissal of a complaint "for failure to state a claim upon which relief can be granted." The task of a federal court on a motion to dismiss is to determine the legal sufficiency of a complaint and not to assay the factual basis of a claim for relief. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *Geisler v. Petrocelli,* 616 F.2d 636, 639 (2d Cir. 1980). The complaint need only satisfy the liberal notice requirement set forth in Fed. R.Civ.P. 8(a)(2), made applicable to bankruptcy adversary proceedings by Fed. R.Bankr.P. 7008(a), which rule calls for "a short and plain statement of the claim" showing that the pleader is entitled to relief. *Conley v. Gibson,* 355 U.S. at 47, 78 S.Ct. at 103; *Sinclair v. Kleindienst,* 711 F.2d 291, 293 (D.C.Cir.1983). In appraising the sufficiency of a complaint on a motion to dismiss, the complaint is to be given a receptive construction such that all material allegations are considered true and all reasonable inferences are to be drawn in favor of the plaintiff. *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984); *Jenkins v. McKeithen,* 395 U.S. 411, 421–22, 89 S.Ct. 1843, 1849, 23 L.Ed.2d 404 (1969); *Rauch v. RCA Corp.,* 861 F.2d 29, 30 (2d Cir.1988). The liberal thrust of our simplified federal rules of civil procedure requires that a motion such as one to dismiss under Fed. R.Civ.P. 12(b)(6) that "would summarily extinguish litigation at the threshold and foreclose the opportunity for discovery and factual presentation, should be treated with the greatest of care." *Haynesworth v. Miller,* 820 F.2d 1245, 1254 (D.C.Cir.1987).

■ Although the threshold pleading requirements to overcome a Rule 12(b)(6) motion to dismiss are low, the deference accorded a plaintiff is not without limitation. Minimal requirements are not tantamount to nonexistent requirements. A defendant is entitled to fair notice of a plaintiff's claim and the grounds upon which it rests so as to prepare an appropriate defense. *See Allard v. Weitzman (In re Delorean Motor Co.),* 991 F.2d 1236, 1240 (6th Cir.1993); *Ostrer v. Aronwald,* 567 F.2d 551, 553 (2d Cir.1977). Accordingly, to withstand a Rule 12(b)(6) motion to dismiss, a complaint must be "well pleaded" and contain more than bald, conclusory or overly generalized statements that a plaintiff has a valid claim of some type against the defendant. *See Chongris v. Board of Appeals,* 811 F.2d 36, 37 (1st Cir.1987), *cert. denied,* 483 U.S. 1021, 107 S.Ct. 3266, 97 L.Ed.2d 765 (1987); *Ostrer v. Aronwald,* 567 F.2d at 553; *Haber v. Brown,* 774 F.Supp. 877, 879 (S.D.N.Y.1991); *Duncan v. AT & T Communications, Inc.,* 668 F.Supp. 232, 234 (S.D.N.Y.1987); 5A *Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure* § 1357, at 311–18 (2d ed.1990). The requirement that a complaint be "well pleaded" extends to all material elements of a cause of action or claim for relief. Thus, dismissal of a complaint is proper if it lacks an allegation regarding a required element necessary to obtain relief or does not contain sufficient factual averments with respect to a material element underlying a claim. *See Fleming v. Lind–Waldock & Co.,* 922 F.2d 20, 23–24 (1st Cir.1990); *Powe v. City of Chicago,* 664 F.2d 639, 643 (7th Cir.1981); *Unibrand Tire & Product Co. v. Armstrong Rubber Co.,* 429 F.Supp. 470, 473 (W.D.N.Y.1977); *Daves v. Hawaiian Dredging Co.,* 114 F.Supp. 643, 645 (D. Hawaii 1953); 2A *James W. Moore et al., Moore's Federal Practice* ¶ 12.07, at 12–68 (2d ed.1991).

### A.

■ The elements comprising a cause of action founded on negligence may be summarized as follows: 1) a duty owed by

---

**2.** Paragraph 26 of the Complaint was misnumbered as paragraph 24. We assume this was a typographical error.

defendant to plaintiff, 2) a breach of that duty by defendant, 3) a reasonably close causal connection between the conduct constituting a breach of duty and the resulting injury, more commonly known as "proximate cause", and 4) actual loss or damage. *W. Page Keeton, et al., Prosser and Keeton on the Law of Torts*, Laws.Ed. § 30, at 164–65 (5th ed. 1984); *Livingston v. Gribetz*, 549 F.Supp. 238, 242 (S.D.N.Y.1982). New York law requires plaintiff in a negligence action to plead these basic elements. *See, e.g., Barr v. County of Albany*, 69 A.D.2d 914, 915, 415 N.Y.S.2d 471, 473 (App.Div., 3d Dep't.1979), *modified on other grounds*, 50 N.Y.2d 247, 428 N.Y.S.2d 665, 406 N.E.2d 481 (1980); *Donohue v. Copiague Union Free School Dist.*, 64 A.D.2d 29, 32, 407 N.Y.S.2d 874, 877 (App. Div., 2d Dep't.1978), *aff'd*, 47 N.Y.2d 440, 418 N.Y.S.2d 375, 391 N.E.2d 1352 (1979); 5 *Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure* § 1249, at 315 (2d ed. 1990). In sum, under New York law, a negligence claim will survive a motion to dismiss for failure to state a claim where plaintiff pleads " 'the existence of a duty, the breach of which may be considered the proximate cause of the damages suffered by' plaintiff." *Glusband v. Fittin Cunningham Lauzon, Inc.*, 582 F.Supp. 145, 152 (S.D.N.Y.1984) (quoting *Becker v. Schwartz*, 46 N.Y.2d 401, 410, 413 N.Y.S.2d 895, 899, 386 N.E.2d 807, 811 (1978)).

 In accordance with traditional tort definitions and under New York law, the test for proximate cause is whether the damage was either a direct result or a reasonably foreseeable consequence of the alleged wrongful conduct. *See, e.g., Globus v. Law Research Service, Inc.*, 418 F.2d 1276, 1291 (2d Cir.1969), *cert. denied*, 397 U.S. 913, 90 S.Ct. 913, 25 L.Ed.2d 93 (1970); *Saugerties Bank v. Delaware & Hudson Co.*, 236 N.Y. 425, 430, 141 N.E. 904 (1923); *Fuentes v. Consol. Rail Corp.*, 789 F.Supp. 638, 642 (S.D.N.Y.1992). Foreseeability of injury or damages is an indispensable requisite of actionable negligence. *Cullen v. BMW of N. Am., Inc.*, 691 F.2d 1097, 1101 (2d Cir.1982). Formulated somewhat differently, the governing principle is that actionable negligence is gauged by the ability to anticipate; the risk must lie within the range of apprehension. *Palsgraf v. Long Island R.R.*, 248 N.Y. 339, 162 N.E. 99 (1928).

### B.

 The tort of negligence in the context of accounting or auditing services is the failure of an accountant or auditor to fulfill a duty of using professional care and skill in carrying out accounting or auditing responsibilities, resulting in damages. Accepting as we must, on a motion to dismiss, that the well pleaded facts in the Complaint are true, and viewing them in the light most favorable to Plaintiff, we find that Plaintiff has adequately pled duty, breach of duty and damages, i.e., three of the four elements comprising a negligence claim. However, the Complaint falls far short of the mark insofar as pleading the essential element of proximate cause. Plaintiff fails to plead cognizable facts necessary to establish a causal nexus between the allegations of negligence pled in the Complaint and the purported damages sustained by GHI.

The Complaint alleges that Defendant's financial reporting materially overstated the income and assets of GHI, while materially understating its losses and liabilities, and that the artificial appearance of financial health portrayed thereby induced Investor/Creditors to position themselves in GHI debenture accounts. The purported negligence of Defendant, if true, may well have injured Investor/Creditors; but, on the contrary, the asserted negligence would seem to have benefitted GHI by way of raising cash or discouraging redemptions. There would seem to be no link between the alleged negligent financial reporting and harm to GHI. Nonetheless, the Complaint alleges actionable injury to GHI sounding in negligence, presupposing a nexus between breach of duty and damages. The theory underlying the Complaint is that monies deposited or retained in the coffers of GHI by Investor/Creditors as a result of Defendant's alleged negligence were looted and such wrongful dissi-

pation of assets rendered GHI unable to service its debenture accounts, causing the bankruptcy filing. The injury, according to the Complaint, is anchored in the misappropriation of funds by GHI insiders. GHI would not have suffered damages but for the independent wrongdoing of GHI management.

The question thus arises whether the misappropriation of funds by GHI insiders broke the chain of causation between Defendant's alleged negligence and GHI's damages. An intervening or superseding act, tortious or criminal, will ordinarily sever liability and insulate a negligent defendant from responsibility when the subsequent act could not have been reasonably anticipated by the defendant. *Kush v. City of Buffalo*, 59 N.Y.2d 26, 33, 462 N.Y.S.2d 831, 835, 449 N.E.2d 725, 729 (1983); *Derdiarian v. Felix Contracting Corp.*, 51 N.Y.2d 308, 315, 434 N.Y.S.2d 166, 169, 414 N.E.2d 666, 670 (1980); *Ventricelli v. Kinney System Rent a Car, Inc.*, 45 N.Y.2d 950, 952, 411 N.Y.S.2d 555, 555, 383 N.E.2d 1149, 1149 (1978). As a general proposition, the absconding with funds by corporate insiders or managers is not a natural or reasonably foreseeable consequence of an accountant's negligent financial reporting. As one court observed:

> It is arguably foreseeable, as a result of financial statements overstating the financial condition of a corporation, that securities issued and sold by that corporation will command a price higher than their true value, that purchasers will be injured as a result and that the corporation will receive excessive funds in consideration for the securities. However, it is certainly not a direct or reasonably foreseeable result of such financial statements that inside management will embezzle such surplus funds for their personal use.

*Bloor v. Dansker (In re Investors Funding Corp.)*, 523 F.Supp. 533, 540 (S.D.N.Y. 1980).

The Complaint fails to allege facts showing that Defendant had any basis to foresee the subsequent misconduct of GHI insiders. *See Glusband v. Fittin Cunningham Lauzon, Inc.*, 582 F.Supp. at 152 ("In order to sufficiently state a negligence claim against any of the defendants, plaintiff must allege a factual predicate from which the Court can infer that Associates was damaged by that defendant's negligent conduct."). Indeed, the Complaint is bereft of any factual allegations showing sufficient circumstances to arouse suspicion or provide notice to Defendant, actual or constructive, of possible malevolent acts or mischievous design of GHI insiders. The law of negligence only requires reasonable foresight and not prophetic vision.

Defendant's long time accounting and auditing services to GHI does not, without more, render the misappropriation of assets by GHI principals foreseeable. Defendant is not alleged to have been an insider of GHI and therefore its knowledge of potential mischief by management cannot be inferred solely by its status as the Company's accountant or auditor. *See The Ltd., Inc., v. McCrory Corp.*, 683 F.Supp. 387, 394 (S.D.N.Y.1988). We will not assume that corporate insiders or managers communicate mischievous design, in whole or in part, to their accountants or auditors. Accordingly, absent a factual predicate pled in the Complaint, to hold the misconduct of GHI principals a foreseeable consequence of Defendant's alleged negligence is to stretch the concept of foreseeability beyond acceptable limits.

Fed.R.Civ.P. 8 is intended to insure that a defendant receive *"fair notice* of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. at 47, 78 S.Ct. at 103 (emphasis added). Allegations of the Complaint that, upon information and belief, Defendant knew or should have known of a scheme by GHI principals to wrongfully misappropriate funds generated by debenture sales (see Complaint ¶¶ 19 and 20) fail to meet the minimal pleading requirements of Fed. R.Civ.P. 8. Allegations this bare and so baldly conclusory fail to afford Defendant adequate notice of the grounds underlying the claim against it. Such allegations are

meaningless as a practical matter and, as a matter of law, insufficient to state a claim.

## IV.

 Whether leave to amend a complaint should be granted is within the sound discretion of the court. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330, 91 S.Ct. 795, 802, 28 L.Ed.2d 77 (1971). However, because of the stricture of Fed.R.Civ.P. 15(a) that "leave shall be freely given when justice so requires", refusal to allow an amendment must be based on a valid ground. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962).

Plaintiff has been struggling hard to frame a sustainable complaint against Defendant. While two earlier pleadings, virtually identical to the Complaint, appeared to allege actionable damages incurred by Investor/Creditors, these pleadings failed to allege what damages were suffered by the corporate entity, GHI.[3] The Complaint now alleges damages to GHI. Nonetheless, the Complaint is no more sustainable than it predecessors. As shown above, the Complaint fails to allege facts establishing the requisite element of proximate cause needed to state a claim for negligence.

 Plaintiff has had ample opportunity to allege facts comprising the elements of a negligence cause of action against Defendant. Dismissal of a complaint with prejudice is proper when the complaint has been amended previously. *See Armstrong v. McAlpin*, 699 F.2d 79, 93–94 (2d Cir. 1983); *Tapogna v. Egan*, 141 F.R.D. 370, 373 (D.Mass.1992); *Landy v. Heller, White & Co.*, 783 F.Supp. 125, 133 (S.D.N.Y.1991); *Posner v. Coopers & Lybrand*, 92 F.R.D. 765, 770 (S.D.N.Y.1981), *aff'd without opinion*, 697 F.2d 296 (2d Cir.1982) ("When the Plaintiff is put on notice of the deficiencies in his complaint and fails to correct them in the amended complaint, ... dismissal with prejudice is proper."). If an errant pleader is unable to allege an essential element of his claim, we perceive no

reason why this basic deficiency should not be exposed and the claim dismissed at the most appropriate point of minimum expenditures of time and monies by the parties and the court. We are convinced that such a time is now.

## V.

Based on all of the foregoing the Complaint is dismissed with prejudice.

---

**3.** Plaintiff's standing to sue is the same as that of the chapter 11 trustee. The trustee has standing to sue only on behalf of GHI and not Investor/Creditors. *See Caplin v. Marine Midland Grace Trust Co.*, 406 U.S. 416, 428–29, 92 S.Ct. 1678, 1685, 32 L.Ed.2d 195 (1972).