**In re GOUIRAN HOLDINGS, INC., Debtor.**

**GOUIRAN HOLDINGS, INC., d/b/a GHI, By its Official Committee of General Unsecured Creditors, Appellant,**

v.

**DeSANTIS, PRINZI, SPRINGER, KEIFER & SHALL, Appellees.**

No. 93 CV 4112.

United States District Court, E.D. New York.

Feb. 10, 1994.

Shaw, Licitra, Parente, Esernio & Schwartz, P.C. (Alan E. Marder, of counsel), Garden City, NY, for appellant.

Wilson, Elser, Moskowitz, Edelman & Dicker (Michael Schwartzberg, of counsel), New York City, for appellee.

## MEMORANDUM AND ORDER

NICKERSON, District Judge:

Appellant, the committee of unsecured creditors of Gouiran Holdings, Inc. (the Committee), appeals from an August 16, 1993 order of the bankruptcy court dismissing the Committee's complaint in an adversary proceeding pursuant to Fed.R.Civ.P. 12(b)(6). The bankruptcy court's underlying decision is published as *In re Gouiran Holdings, Inc.*, 158 B.R. 3 (Bankr.E.D.N.Y.1993).

■ This court has jurisdiction pursuant to 28 U.S.C. § 158(a), providing for appellate jurisdiction in the district courts from "final judgments, orders, and decrees ... of bankruptcy judges." The court reviews the legal conclusions of the bankruptcy court *de novo*. *See, e.g., Brunner v. New York State Higher Education Services Corp.*, 831 F.2d 395, 396 (2d Cir.1987).

I

The Committee brought this adversary proceeding on behalf of the debtor, Gouiran Holdings, Inc. (Gouiran), against Gouiran's accountants, DeSantis, Prinzi, Springer, Keifer & Shall (DeSantis). The amended com-

plaint alleges, in pertinent part, the following.

Gouiran is a closely held corporation that was in the business of mortgage banking and servicing, commercial portfolio and investment lending, and commercial leasing and brokerage. DeSantis had been Gouiran's accountants since 1973, had been extensively involved in the internal general accounting of Gouiran, and had prepared Gouiran's financial statements since at least 1983.

DeSantis allegedly committed continuing acts of negligence "by repeatedly certifying the veracity of [Gouiran's] financial statements without due care and by failing to correct such statements even though it knew or should have known that they were false." The complaint attaches as an illustration of DeSantis' negligence a March 1988 report for the year ending December 1987 and alleges on information and belief that DeSantis issued a similar report in March 1987 for the year ending December 1986. Both reports allegedly contained a number of errors tending to overstate the assets and financial strength of Gouiran.

Gouiran allegedly used the financial statements to cause existing debenture account holders to increase their investments with Gouiran and to induce others to open debenture accounts with Gouiran. Certain principals of Gouiran then, from approximately January 1, 1987 through September 28, 1988, misappropriated the funds Gouiran had raised. Because of its "extensive knowledge" of Gouiran's business, DeSantis allegedly was aware or should have been aware that the misappropriation was occurring.

The complaint alleges that, proximately caused by DeSantis' negligent preparation of financial statements, (a) Gouiran "incurred debt [that] it otherwise would not have incurred and was thereafter not able to service" and (b) "certain of [Gouiran's] insiders were able wrongfully to misappropriate funds [that] they would not otherwise have had available to them." These two events allegedly combined to diminish the value of Gouiran, eventually driving it into bankruptcy.

## II

On September 28, 1988 Gouiran filed a voluntary petition under Chapter 11 of the Bankruptcy Code. On October 25, 1988 the bankruptcy court appointed a Chapter 11 trustee, and on December 16, 1988 the trustee in turn appointed the Committee as the official committee of unsecured creditors. On October 17, 1990 the bankruptcy court empowered the Committee to commence and prosecute litigation on behalf of Gouiran.

On October 22, 1990 the Committee began this adversary proceeding. After the bankruptcy judge expressed concern that bankruptcy court was not the appropriate forum, the Committee withdrew the complaint and refiled in New York State Supreme Court for Richmond County. DeSantis then removed the case to bankruptcy court on May 16, 1991 and thereafter moved to dismiss the complaint. In July 1991 the Committee submitted an amended complaint, and DeSantis withdrew its motion to dismiss.

On September 20, 1991 DeSantis filed a motion to dismiss the amended complaint. The bankruptcy court heard argument on November 14, 1991 and issued its decision and its order on August 17, 1993. The Committee filed this timely appeal.

The bankruptcy court held that the amended complaint fails to state a claim upon which relief could be granted because it did not adequately allege proximate cause, one of the elements of a negligence claim under New York law. *In re Gouiran*, 158 B.R. at 8–9. The Committee argues that (1) the bankruptcy court erred in deciding that the complaint did not sufficiently allege proximate cause and (2) if dismissal of the amended complaint was warranted, the bankruptcy court abused its discretion by dismissing with prejudice.

## III

 Under New York law, the test for proximate, or "legal," cause is whether it was reasonably foreseeable that the damage incurred would follow from the wrongful act. *See, e.g., Saugerties Bank v. Delaware & Hudson Co.*, 236 N.Y. 425, 430, 141 N.E. 904 (1923). The New York Court of Appeals has said,

Given the unique nature of the inquiry in each case, it is for the finder of fact to determine legal cause, once the court has been satisfied that a prima facie case has been established.... To carry the burden of proving a prima facie case, the plaintiff must generally show that the defendant's negligence was a substantial cause of the events which produced the injury.

*Derdiarian v. Felix Contracting Corp.*, 51 N.Y.2d 308, 315, 434 N.Y.S.2d 166, 169, 414 N.E.2d 666, 670 (1980).

The amended complaint alleges that the damage to Gouiran is its bankruptcy and that the wrong was DeSantis' negligence in preparing financial statements. The complaint says the injury is tied to the wrong through two intermediate events caused by the negligent financial statements leading to the bankruptcy: (1) the increase in Gouiran's debt and (2) the looting of its funds by its principals.

### A. *Increased debt*

The bankruptcy judge said that erroneous financial statements could not have harmed Gouiran by increasing its unserviceable debt and that "the asserted negligence would seem to have benefitted [Gouiran] by way of raising cash or discouraging redemptions." *In re Gouiran,* 158 B.R. at 8. DeSantis argues that this is certainly true in the short run and that at issue is only a three month period between the issuing of the March 1988 report and the bankruptcy filing.

But the complaint alleges that DeSantis negligently prepared the March 1987 report, as well. On a motion to dismiss the court cannot decide the factual issues of how much Gouiran was damaged by increased debt or over what period of time that damage occurred. Nor can the court say it is impossible that under some set of facts two years of negligently prepared financial statements could have been a substantial cause of Gouiran's incurring unmanageable debt and filing for bankruptcy protection. *Cf. Bernstein v. Crazy Eddie, Inc.,* 702 F.Supp. 962, 986 (E.D.N.Y.1988), *vacated in part on other grounds sub nom., In re Crazy Eddie Sec. Litig.,* 714 F.Supp. 1285 (E.D.N.Y.1989) (weakening of public company's position can be proximately caused by accountant's negligence).

### B. *Embezzlement of funds*

The act of a third party may intervene between the negligence of a defendant and the injury to the plaintiff. Criminal intervention will generally sever the causation between the defendant's negligence and the plaintiff's injury. But proximate cause is not automatically removed by criminal intervening acts. *Kush v. City of Buffalo,* 59 N.Y.2d 26, 33, 462 N.Y.S.2d 831, 835, 449 N.E.2d 725, 729 (1983). Rather, the liability of the defendant "turns upon whether the intervening act is a normal or foreseeable consequence of the situation created by the defendant's negligence." *Derdiarian,* 51 N.Y.2d at 315, 434 N.Y.S.2d at 169, 414 N.E.2d at 670. That inquiry is generally one for the factfinder at trial. *See, e.g., Kush,* 59 N.Y.2d at 33–34, 462 N.Y.S.2d at 835, 449 N.E.2d at 729 (trial judge properly charged jury on "reasonably prudent person" standard and foreseeability).

Here DeSantis argues, and the bankruptcy court held, that as a matter of law the misappropriation of funds by Gouiran's principals was an unforeseeable intervening act that cut off DeSantis' liability. But the complaint alleges that DeSantis was thoroughly familiar with Gouiran's finances and as such was in a position (1) to know that funds had been misappropriated since at least January 1987 and (2) to foresee that Gouiran's principals would embezzle funds obtained after negligently prepared, favorable financial statements were issued. Taking the allegations of the complaint as true, the court cannot find that the embezzlement was unforeseeable.

The bankruptcy judge held, in particular, that the complaint's allegations regarding DeSantis' knowledge and ability to foresee embezzlement were not well-pleaded as required by Federal Rule of Civil Procedure 8(a) because they lacked facts pertaining to that knowledge. Knowledge may be pleaded generally, and the complaint puts DeSantis on notice of the Committee's claims regarding DeSantis extensive knowledge of Gouiran's inner workings. *See* Fed.R.Civ.P. 9(b) (requiring fraud and mistake to be pleaded

with particularity but permitting knowledge to be pleaded generally); Fed.R.Civ.P. 8(a) (requiring a short and plain statement of grounds for relief).

Finally, even if the embezzlement was unforeseeable, the complaint alleges that the embezzlement was a concurrent cause of the bankruptcy, along with Gouiran's taking on unsustainable debt. On this motion to dismiss the court cannot find that the embezzlement was an intervening act, as opposed to a concurrent cause, leading to Gouiran's bankruptcy. That is a factual inquiry related to the extent of the embezzlement and the amount of debt taken on due to the allegedly negligent financial statements.

## C. *Conclusion*

The court cannot now say that there is no set of facts under which the Committee could prevail. *See Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). The complaint states a claim upon which relief may be granted. The bankruptcy court's order is reversed.

So Ordered.