■ MARLENE GREEN, Respondent, v DENNIS TANYI et al., Defendants, and JEM, INC., Individually and Doing Business as THE CLIPPERSHIP TAVERN, Appellant. [661 NYS2d 166] —Judgment unanimously affirmed without costs. Memorandum: While at a tavern owned by defendant JEM, Inc. (JEM), plaintiff was struck in the face by an empty beer bottle thrown by defendant Dennis Tanyi. Shortly before, Tanyi, who was intoxicated, had punched one of plaintiff's friends in the back of the head. Tanyi testified at trial that, after the bartender had witnessed the punch, the bartender told him to calm down and offered him a free bottle of beer, which Tanyi consumed. Tanyi then threw that bottle at plaintiff.

The jury was charged that Tanyi was negligent as a matter of law and that his negligence was a substantial factor in bringing about plaintiff's injuries. Supreme Court also instructed the jury to determine whether the tavern's personnel were negligent and, if so, whether their negligence was a substantial factor in causing injury to plaintiff. JEM appeals from the jury verdict finding it and Tanyi liable to plaintiff.

JEM contends that the court erred in denying its request to

instruct the jury that Tanyi's intentional act of throwing the bottle may constitute an intervening or superseding cause of plaintiff's injuries. We disagree. "An intervening act may not serve as a superseding cause, and relieve an actor of responsibility, where the risk of the intervening act occurring is the very same risk which renders the actor negligent" (*Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 316, *rearg denied* 52 NY2d 784; *see, Lamey v Foley*, 188 AD2d 157, 165). Here, the risk that Tanyi would injure other patrons through acts of violence was the risk created by the tavern's failure to control him. (Appeal from Judgment of Supreme Court, Erie County, O'Donnell, J.—Negligence.) Present—Denman, P. J., Pine, Callahan, Balio and Fallon, JJ.