■ DEBRA McCARVILLE, Respondent, v ALAN E. BURKE et al., Appellants. [680 NYS2d 138] —Order unanimously affirmed without costs. Memorandum: While on property owned by defendants, plaintiff was struck in the head with a half-full bottle of windshield washer fluid thrown by an unidentified third party. Shortly before, defendant Alan E. Burke had confronted a group of teenagers whom he believed were responsible for throwing an empty glass beer bottle into his driveway. Alan returned to his property and then threw a beer bottle into the yard where the teenagers were gathered. The teenagers arrived at defendants' property and confronted Alan, who acknowledged that he was "pretty upset". He retrieved a pitchfork from his garage and, by his own admission, "stuck

the pitchfork in the spokesperson's * * * face and I told him that he has got to go". All parties acknowledged that there was confusion and everyone was screaming and swearing. Plaintiff also alleged that defendant Lori M. Burke threw the bottle of windshield washer fluid at the teenagers immediately before it was picked up by a teenager and thrown at plaintiff. Lori, however, denied that she threw the bottle at the teenagers.

Supreme Court properly denied defendants' motion for summary judgment. Defendants asserted that they owed no duty to plaintiff and that, in any event, the independent intervening act of the unidentified teenager in throwing the bottle at plaintiff constituted a superseding cause that relieved defendants of liability. Defendants, as landowners, owed plaintiff a duty to act in a reasonable manner and to exercise reasonable care under the circumstances to maintain their property in reasonably safe condition (*see, Basso v Miller,* 40 NY2d 233, 241; *see also, Di Ponzio v Riordan,* 89 NY2d 578, 582-583). Defendants failed to establish as a matter of law that they acted in a reasonable manner with respect to the group of teenagers, thereby requiring denial of their motion on that ground.

Defendants also failed to establish as a matter of law that the act of the unidentified teenager constituted a superseding cause of plaintiff's injuries and relieved defendants of liability (*see generally, Kush v City of Buffalo,* 59 NY2d 26, 33). "An intervening act may not serve as a superseding cause, and relieve an actor of responsibility, where the risk of the intervening act occurring is the very same risk which renders the actor negligent" (*Derdiarian v Felix Contr. Corp.,* 51 NY2d 308, 316, *rearg denied* 52 NY2d 784; *see, Green v Tanyi,* 238 AD2d 954, 955). Here, defendants failed to establish as a matter of law that the risk that one of the teenagers would injure plaintiff or others on defendants' property through an act of violence was not a risk created by defendants' earlier actions with respect to the teenagers. (Appeal from Order of Supreme Court, Erie County, Notaro, J.—Summary Judgment.) Present—Pine, J. P., Lawton, Hayes, Callahan and Fallon, JJ.