■ JESSICA R. SCALONE, Plaintiff, v FRANK P. RACANELLI, Defendant and Third-Party Plaintiff-Respondent. BEVERLY SPURLING et al., Third-Party Defendants-Respondents; MID NITE SNAX, INC., Third-Party Defendant-Appellant. [745 NYS2d 442] —In an action to recover damages for personal injuries, the third-party defendant Mid Nite Snax, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Lisa, J.), dated February 22, 2001, as denied its motion for summary judgment dismissing the third-party complaint insofar as asserted against it.

Ordered that the appeal is dismissed as academic, without costs or disbursements.

"In general an appeal will be considered moot unless the rights of the parties will be directly affected by the determination of the appeal and the interest of the parties is an immediate consequence of the judgment" (*Matter of Hearst Corp. v Clyne,* 50 NY2d 707, 714). Here, the defendant third-party plaintiff sought only indemnification and contribution from the appellant. Since the complaint in the main action was dismissed, the issues raised on this appeal have been rendered academic, and the record before us fails to present an exception to the mootness doctrine (*see Matter of Hearst Corp. v Clyne, supra* at 714-715). Altman, J.P., Feuerstein, Friedmann, Schmidt and Townes, JJ., concur.