■ SHANTANU MOHAN, Appellant, v KING FREEZE AIR CONDITIONING & REFRIGERATION CORP. et al., Defendants, and A & A REALTY et al., Respondents. [748 NYS2d 267] —In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (O'Connell, J.), entered September 4, 2001, as denied that branch of his motion which was to extend his time to serve the defendants A & A Realty, Sham Malhotra, also known as Sham Lal Malhotra, and Annie Malhotra pursuant to CPLR 306-b. Motion by the respondents to dismiss the appeal on the ground that it has been rendered academic. By decision and order of this Court, dated May 28, 2002, the motion was held in abeyance and was referred to the Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is

Ordered that the motion is granted; and it is further,

Ordered that the appeal is dismissed as academic; and it is further,

Ordered that one bill of costs is awarded to the respondents; and it is further,

Ordered that counsel for the respective parties are directed to show cause why an order should or should not be made and entered imposing such sanctions or costs, if any, on the appellant's counsel pursuant to 22 NYCRR 130-1.1 (c) as this Court may deem appropriate, by filing affirmations or affidavits on that issue in the office of the Clerk of this Court and serving one copy of the same on each other on or before November 6, 2002.

Since the plaintiff entered into a stipulation dismissing this action before the perfection of his appeal, any determination by this Court will not affect the rights of the parties in the action. Consequently, the appeal has been rendered academic (*see Scalone v Racanelli,* 296 AD2d 397; *Matter of Byrnes v Malloy,* 283 AD2d 427; *Del Priore v Gindel,* 226 AD2d 580).

Prosecution of this appeal may warrant the imposition of sanctions against the plaintiff's counsel pursuant to 22 NYCRR 130-1.1 (c) and, consequently, the parties are directed to submit affirmations or affidavits to this Court on that issue.

The Clerk of this Court, or his designee, is directed to serve counsel for the parties with a copy of this decision and order by regular mail. Altman, J.P., Smith, H. Miller and Adams, JJ., concur.